## Case No. 13,686.

### SWEENEY v. COFFIN.

[1 Dill. 73; [1] 3 Am. Law T. Rep. U. S. Cts. 18; 3 West. Jur. 333.]

Circuit Court, E. D. Missouri. 1870.

REMOVAL OF CAUSES—PETITION—AFFIDAVIT—APPEARANCE.

1. Under the provisions of the judiciary act of 1789 [1 Stat. 73]. where application is made to remove a cause from the state court to the United States circuit court on account of the citizenship of the parties, it is not necessary that the petition filed for that purpose should be verified by affidavit. The filing of the petition for removal is a sufficient appearance to the suit to give the court jurisdiction of the person; and the question as to citizenship of the parties can be raised in the United States court. If the party fail to file a petition for removal at the time of entering his appearance. he will be precluded from doing so at any subsequent stage of the proceedings.

[Cited in Moynahan v. Wilson. Case No. 9,897; Small v. Montgomery. 17 Fed. 865; Romaine v. Union Ins. Co., 28 Fed. 631, 638; Tallman v. Baltimore & O. R. Co., 45 Fed. 158; Reifsnider v. American Imp. Pub. Co., Id. 434; Ahlhauser v. Butler, 50 Fed. 706;

---

[1] [Reported by Hon. John F. Dillon. Circuit Judge, and here reprinted by permission.]

Morris v. Graham, 51 Fed. 53. Cited in brief in American Wooden-Ware Co. v. Stern, 63 Fed. 677. Cited in Wabash Western Ry. v. Brow, 13 C. C. A. 222, 65 Fed. 947; Goldey v. Morning News of New Haven, 15 Sup. Ct. 563.]

[Cited in Farmer v. National Life Ass'n of Hartford, 138 N. Y. 271, 33 N. E. 1,075.]

2. Under the subsequent acts of 1833 [4 Stat. 632], March 3, 1863 [12 Stat. 755], July 27, 1866 [14 Stat. 306], March 2, 1867 [14 Stat. 558], the petitions for removal must be verified by affidavit. Per Treat, District Judge, arguendo.

[Cited in Allen v. Ryerson, Case No. 235.]

Before TREAT and KREKEL, District Judges.

TREAT, District Judge. This is a suit originally brought in the state circuit court for Butler county, returnable at the March term thereof.

At the return term, the defendant, by attorney, filed a petition for the removal of the cause to the United States circuit court, on the ground that the amount in dispute exceeded $500, and that the defendant is a citizen of Pennsylvania, and the plaintiff a citizen of Missouri. The necessary bond was given, but objection was made by plaintiff's attorney to the desired removal, on the ground of insufficient affidavit, etc. This objection was overruled by the state court, and a bill of exceptions filed.

The pending motion is to remand said cause to said state court, on the ground that the same was improvidently removed here. The ground of the motion is not specific, and the court has examined the transcript to ascertain if any irregularity exists. The objection presented to the state court was that the affidavit to the petition was sworn to by an attorney, and not by the defendant himself, and that it failed to allege that defendant could not have a fair trial.

The act of September 24, 1789, § 12 (1 Stat. 79), does not require any affidavit to the petition. True, Conkling in his Treatise refers to a notice of the application and to an affidavit, a practice which may be advisable, and which may obtain in some circuits; but the statute of 1789 has no such requirements. That statute says "the defendant shall, at the time of entering his appearance at such state court, file a petition for the removal," etc., and offer good and sufficient surety, etc., whereupon it shall be the duty of the state court to accept the surety and proceed no further in the cause, etc.

In several adjudications the question has arisen, how the amount of the matter in dispute is to be determined, as the statute says if the same "shall appear to the satisfaction of the court to exceed $500, exclusive of costs." That question may be considered authoritatively settled, viz: it is the amount claimed in the declaration.

The court can find no authority in that statute, nor in published decisions based thereon, requiring the petition for removal to be sworn to, although such seems to have been the general practice.

In the case under consideration, there was in the state court no formal "appearance," as such, entered. When the act of 1789 was passed, the first formal step in a cause, so far as the defendant was concerned, was his appearance. That appearance may have been voluntary, or by entry after service of a capias where bail was required, etc.; but still a formal entry of his appearance was made of record. Such practice has, to a large extent, disappeared throughout the United States, because service on a defendant to appear is held to answer all the requirements of an actual appearance, so as to conclude him by the subsequent proceedings. In personal actions not criminal, as a general rule, he could appear by attorney; and as a matter of fact, as well as of law, he was considered as present, through his attorney. Hence, if in 1789, a party to a suit could appear by attorney in civil causes like the present, for the purpose of pleading, etc., why not for the formal entry of appearance to the original complaint?

But in this case there was no such formal entry by or through any one; but the first step on the part of the defendant was the filing of the petition, by his attorney, for the removal of the cause to this court. Is the appearance of a defendant petitioning for a removal, an entry of his appearance in the state court, within the meaning of the act of 1789? Although no express decision in a United States court has been found, and although state courts differ largely as to what makes an appearance in causes before them, and whether appearances by attorneys are conclusive or prima facie merely; yet there are general reasons governing the removal of causes from state to United States courts, which enable this court to reach a satisfactory conclusion on the point presented.

When the jurisdiction of a United States court is dependent on the citizenship of the parties under the constitution and acts of congress, if the suit be originally brought in the United States court, personal service is necessary, unless there is a voluntary appearance. Toland v. Sprague, 12 Pet. [37 U. S.] 300. If this suit had been brought originally in this court against the defendant, service or appearance would have been necessary for further proceedings. Although in state courts constructive service is sufficient, it is not so in a United States court, and hence the necessity of a voluntary appearance or of actual service. But as appearance by attorney was and is admissible in this class of actions, where no capias or bail is required, this court holds that the filing of the petition for removal is the entry of an appearance within the meaning of the statute. Indirectly the reasons for such a rule were given by the supreme court, not only in Toland v. Sprague, supra, but also in several other cases. By constructive service

in the state court it could have proceeded to judgment; but to prevent such action defendant availed himself of his right of removal, and is precluded from denying the status he has assumed. If the defendant denies that status, he can raise the jurisdictional question in the United States court. The defendant is therefore held to have appeared in the state court and to be bound by his action there.

There seems to be some confusion about removals from state courts to United States courts, arising under the several recent statutes. By the act of 1789, inasmuch as both state and United States courts have concurrent jurisdiction in many cases, the defendant had his right of election, by conforming to its provisions. If he appeared in the state court and pleaded, he was held to the jurisdiction to which he had submitted. He made an issue there, for that tribunal to dispose of—an issue on the merits in a court of general jurisdiction. Hence, by that act he must file his petition for removal at the time of entry of his appearance and before plea put in. That is the first time at which he could make known his election of the tribunal to pass upon his rights.

By the act of 1833, generally known as the "Force Bill," and by the act of March 3, 1863 (12 Stat. 756, § 6), also by the various subsequent acts to be found in 14 Stat. 172, 306, 558; 15 Stat. 227, 267,—the right of removal in cases where officers of the United States are concerned, or where acts are done under authority or color of authority of the United States, is fully provided for and regulated. But none of those acts affect the case under consideration. The act of 1863 requires in the cases for which it provides, an affidavit to the petition for removal, said petition to be filed at the time of entering appearance, and it allows appeals after final judgment from a state court to a United States circuit court. That act, however, is confined to the class of cases it enumerates. Similar remarks apply to several of the other acts of congress cited. In some, special modes of proceeding are required, such as petitions, affidavits, certificates of counsel, bonds, etc., and are mostly in reference to United States officers, or those acting under the laws of the United States, when their action in respect to such official proceedings, or by supposed authority of the United States, is called in question. So there are statutes in reference to the rights and duties of common carriers where interrupted by military or rebel violence. Those, however, are peculiar to the cases there enumerated, and make no special provisions therefor.

Private parties, not affected by official action, or United States laws, were required by the act of 1789, to petition for removal when they first appeared in a state court, or they were held to have waived their right of election to trial elsewhere. The exception to that rule is made, first, by act of July 27, 1866 (14 Stat. 306). Where all the parties, plaintiff or defendant, are not of the same state, certain privileges are granted to them, thus obviating the difficulties arising from decisions of the United States supreme court on that point under the act of 1789. Second, by the act of March 2, 1867 (14 Stat. 558), in which the citizen of another state than that in which suit is brought may, if the other party be a citizen of the state, file an affidavit, whether he be plaintiff or defendant, stating that he has reason to, and does, believe that, from prejudice or local influence he will not be able to obtain justice in such state court, and then on his petition for removal may have the same removed "at any time before the final hearing or trial of the suit," by giving good and sufficient surety, &c.

The distinctions are clear and important. If their cause of removal is based merely on citizenship of the parties, the application must be made at the time of appearance in the state court, by the defendant, and no affidavit is required. If the objection be prejudice or local influence, endangering a fair trial, the application may be made by either plaintiff or defendant, at any time before final hearing or trial, but must be supported by affidavit.

The act of July 27, 1868 [15 Stat. 226], relates to corporations organized under the laws of the United States, permitting them to file a petition for removal, verified by oath, "either before or after issue joined."

The foregoing reference to the various acts of congress is sufficient to indicate that as this case occurs solely under the act of 1789, the defendant was required at the time of first appearing in the state court only to file his petition for removal, alleging his citizenship (as he did) and averring the amount in controversy to exceed $500, exclusive of costs. No oath was required, nor technical entry of appearance, for his appearance by said petition was sufficient under the statute.

If he had appeared after pleading, the petition and affidavit would have had to show prejudice or adverse local influence endangering a fair trial.

[It is difficult to decide whether this case as brought in the state court was an action at law or suit in equity, or both combined. In equity a general money judgment and a decree in equity cannot be had in one proceeding,—that is, general judgment against the defendant for money due on a mortgage debt, and a decree of foreclosure. Noonan v. Lee, 2 Black [67 U. S.] 499. Nor can a suit at law in the state court be transferred in the United States court, after removal, into a suit in equity, or vice versa. Thompson v. Railroad Cos., 6 Wall. [73 U. S.] 134. Motion to remand overruled.] [2]

Construction of Acts July 27, 1866, and March 2, 1867. See Sands v. Smith [Case No. 12,305].

[2] [From 3 Am. Law T. Rep. U. S. Cts. 18.]