H. C. RORICK, a resident of the City of Toledo, State of Ohio; The Spitzer Rorick and Company, Inc., an Ohio corporation, *et al.*, v. C. L. CHANCEY.

178 So. 112
Division B.
Opinion Filed December 22, 1937
Rehearing Denied January 27, 1938

*Alec Baker, Mitchell D. Price & Charles W Zaring* and *Robert S. Florence,* for Appellants;

C. A. *Hiaasen* and *J. T. Chancey,* for Appellee.

CHAPMAN, J.—The parties will be referred to herein as plaintiff and defendants as they appeared in the court below. On June 10, 1935, plaintiff filed his bill of complaint in the Circuit Court of Broward County, Florida, for an accounting and other relief. Subpoenas in chancery were issued and served upon H. C. Rorick, one of the defendants and he was served by the Sheriff as an individual and as an agent for some of the other defendants. It was asserted below that Mr. Rorick, at the time of the service of the subpoena, was *temporarily* in Florida as a suitor and witness in a suit pending in the United States District Court of the Southern District of Florida, viz.: The Spitzer-Rorick Trust & Savings Bank and H. C. Rorick, as Trustees, v. Everglades Club Company, *et al.,* cause No. 1207-M, Equity, and that his attendance was necessary for the purpose of the disposition of the cause and that he was brought to Florida for no other purpose.

On July 9, 1935, service *supra* was perfected, and on July 31, 1935, defendants entered a limited appearance in the Circuit Court of Broward County, Florida, for the sole purpose of presenting a petition for the removal of the cause to the United States District Court for the Southern District of Florida, and the Honorable George W. Tedder, Judge, made and entered an order granting the petition for removal. On October 25, 1935, the Honorable Halstead L. Ritter, Judge of the United States District Court for the Southern District of Florida, entered an order granting a motion remanding the cause to the Circuit Court in and for Broward County, Florida, and immediately following the order the defendants entered special appearance and motions to quash, vacate and set aside service of summons and the return thereon as made by the Sheriff of Dade

County, Florida, and in support of said motions to quash submitted several affidavits. An issue was made thereon by counsel for plaintiff by traversing the special appearances and motions to ·quash. On December 7, 1935, the court below sustained plaintiff's objections to consideration of the special appearances and motions to quash filed by the defendants and held that by the presentation of defendants' motions in the Circuit Court for removal of the cause to the United States· District Court, as a matter of. law, were general appearances under the authority of State, *ex rel.* Neel, v. Love, 110 Fla. 91, 148 Sou. Rep. 208.

From the order dated December 7, 1935, an appeal was taken and perfected and the cause is here for review on five assignments of error. We do not think it necessary to consider all the assignments for a determination of this cause.

It becomes necessary to determine the weight of authority where an appearance· is made in a state court for the purpose of presenting a petition for removal of the cause to a federal court, and an appearance before the federal court in opposition to a motion to remand the cause to the state court as a matter of law under the statutes and decisions of Florida, is a general appearance. In Volume 3, American Jurisprudence, par. 29. pages 800-801, it is said:

"29. PETITION FOR REMOVAL TO FEDERAL COURTS.— It is now well settled, both in the Federal courts and in most of the state courts which have considered the point, that an appearance in a state court merely for the purpose of presenting an application for removal to a Federal court does not constitute a general appearance. The rule is particularly applicable where language is used specially limiting the character of the appearance or expressly reserving

the right to object to the state court's jurisdiction. The fact, however, that the removal petition is in general terms, without specifying and restricting the purpose of the defendant's appearance in the state court, does not prevent his appearance therein from being a special appearance only."

This subject was considered in Volume 6, Corpus Juris Secundum, pages 38-39, when it was said:

"Although there is some authority otherwise, in the federal and most state courts a petition for removal of a cause to the federal court and the proceedings thereon do not constitute an appearance which waives jurisdictional objections or prevents defendant from being in default for want of appearance.

"While there are some earlier federal cases in discord, and a number of state courts are to the contrary, it is now the settled rule in the federal courts, and in many state courts, some of which have receded from their former position and have followed the rule primarily because of the view that the decision of the United States Supreme Court is binding on this question, that the filing of, or joinder in, a petition for the removal of a cause from a state to a federal court, and the proceedings thereon, do not amount to a general appearance in the cause, which thereafter precludes defendant from objecting to the jurisdiction of the court over his person. Under this rule, a petition for removal is only a special appearance whether it is so designated or not, although it is even more clearly so, where the petition for removal recites that the appearance is made only for the purpose of presenting the petition. Where this latter view is taken, a motion for leave to withdraw a petition for removal is not a general appearance, nor is the amendment of the petition with leave of the state court,

or defendant's appearance and consent to the allowance of a motion to remand.

"Even in states where the right to appear specially has been taken away by statute, and no such thing as a special appearance is recognized, it has been held that by a petition for the removal of the cause to the federal court defendant has not appeared at all in the legal sense and thereby in no way submits himself to the jurisdiction of the court, unless defendant goes further, as by applying for and obtaining time to plead, in which case he will be held to have appeared.

"In jurisdictions where the petition for removal is regarded as a general appearance, if the cause is remanded as having been improperly removed, or the petition for removal is denied because filed too late, defendant is in the state court for all purposes and cannot object to its jurisdiction. On the other hand, in states where the petition for removal is not regarded as an appearance in the state court it in no way operates to extend the time to appear and plead therein, and, if the cause is subsequently remanded, defendant may find himself in default for want of appearance or answer."

The courts of the State of New York had a similar set of facts before it as the case at bar, and in the suit of Farmer v. National Life Association, 138 N. Y. 265, 33 N. E. Rep. 1075, where it was said:

"It is unnecessary to consider what force, if any, the objections to the mode of service of process in this case, and to the sufficiency of the admission of service, might have had if they had been seasonably made; for we think it must be held that the defendant necessarily submitted itself to the jurisdiction of the state court, and waived any defect there may have been in the procedure to acquire

jurisdiction of its person, by the proceeding which it initiated and consummated for the removal of the action into the United States Circuit Court. There could be no transfer of the cause from the state to the federal jurisdiction, unless there was an action pending. The federal statute required it, and the petition must so allege, and must also aver that the petitioner is a party to the action. The legal consequences of this acknowledgment of, and submission to, the jurisdiction of the state court, cannot be avoided by the declaration which the defendant's attorney made while engaged in the act—that his appearance was special, and only for the purpose of effecting the removal of the cause into the federal court. There are undoubtedly cases where the right of a defendant to move to vacate service of process upon him may be saved by special or qualified appearance for the purpose of making some motion or taking some step in the action which does not amount to a recognition of the jurisdiction of the court of his person; but the rule adopted in such cases has no application where the defendant becomes an actor in the suit, and institutes a proceeding which has for its basis the existence of an action to which he must be a party. He thereby submits himself to the jurisdiction of the court, and no disclaimer which he may make upon the record, that he does not intend to do so, will be effectual to defeat the consequences of his act. As was held in Ballard v. Burroughs, 2 Rob. (N. Y.) 206, under such circumstances the limitation which he attempts to place upon the effect of his conduct is void, because incompatible with the purpose of his act.

"We are aware that there are many cases in the federal circuit courts which hold that after the removal the defendant may move to dismiss the action because of defective service of process in the state court, and that his

appearance there for the purpose of taking the necessary proceedings to remove the action is not a waiver of his right to make the motion, especially if he has not appeared generally in the state court. But these decisions apparently rest upon the ground that by the provision of the act of congress, when the removal is effected, the federal court is authorized to proceed with the action as if it had originally been brought in that court, and that the defendant has a right to have every question which involves the authority of plaintiff to implead him determined in the federal jurisdiction. If this were not so, it is urged that it would be within the power of the state court to confer jurisdiction of the person upon the federal court by an improper service of process, and the defendant would be precluded from obtaining the judgment of the federal court upon that question. It is thought that the integrity of the federal jurisdiction requires the enforcement of such a rule of practice. But the reasons for the rule cease to exist when the question arises in the state court, and it cannot there be observed, consistently with a proper respect for its own authority. But the federal courts have by no means been unanimous upon this point. Bushnell v. Kennedy, 9 Wall 387-393; Sweeney v. Coffin, 1 Dill. 73-76; Sayles v. Insurance Co., 2 Curt. C. C. 212. In the most recent reported case on the subject—of McGillin v. Clafflin, 52 Fed. Rep. 657—Judge Ricks says that it is 'a question as to which there has been great diversity of opinion in the reported cases from the various circuit courts of the United States.' In Sayles v. Insurance Co., *supra,* Judge Curtis denied a motion to dismiss the action for defective service in the state court, making use of this language. 'The defendant comes, becomes the actor, treats the suit as one properly instituted, removes it to another court, and enters it there, and then

says he was not obliged to appear at all, and the state court, in effect, had no suit before it. This, I am of the opinion, he cannot do. * * * The act of congress allows defendants to remove actual and legally pending suits from the state courts. If this were not such a suit, he would not have brought it here. By bringing it here, he voluntarily treats it as properly commenced and actually pending in the state court; and he cannot, after it is entered here, treat it otherwise.' The principle thus formulated is, we think, sound, reasonable and just. It cannot be tolerated that a defendant shall question the jurisdiction of a state tribunal over his person after he has effected a transfer of the cause to another court by placing upon its records an affirmation, under oath, of the pendency of the action, and of his relation to it as a party, and obtained the approval of the court of the bond required as a condition of its removal. If the cause is subsequently remanded, he cannot be heard to say that his own proceedings have, in effect, been *coram non judice*. The order must be affirmed, with costs. All concur."

A similar question was considered by the courts of the State of Illinois in the case of Van Dyke v. Illinois Commercial Men's Ass'n, 358 Ill. 458, 193 N. E. Rep. 490, text pages 493-494, viz.:

"The appellant also relies upon the decision in the case of Farmer v. National Life Ass'n of Hartford, 138 N. Y. 265, 33 N. E. 1075. In that case a suit was filed in the state court upon an insurance policy. The defendant limited its appearance and filed its notice, bond, and petition for removal to the federal court. The cause was remanded, whereupon the defendant appeared in the state court and moved to quash the service for lack of jurisdiction of its person. The motion was denied, and it appealed to the

New York Court of Appeals. That court held that it was unnecessary to consider what force, if any, objections to the mode of service of process or to the sufficiency of the admission of service might have had if such objections had been seasonably made, and that the defendant necessarily submitted itself to the jurisdiction of the state court and waived any defect there may have been in attempting to acquire jurisdiction of its person when it initiated and consummated a proceeding to remove the action of the United States court. The reason given for 'the holding was that there could be no transfer of the cause from the state to the federal jurisdiction unless there was an action pending to which the defendant was a party. The federal statute required both facts to be alleged in the petition, and it was said that the legal consequences of this acknowledgment of and submission to the jurisdiction of the state court could not be avoided by the declaration made by the defendant's attorney that his appearance was special and only for the purpose of effecting the removal of the action to the federal court. The New York Court of Appeals recognized the fact that there were many cases in the federal Circuit Courts which held that after removal the defendant might move to dismiss because of defective service of process in the state court, and that his appearance there for the purpose of taking such steps as were necessary to remove the action did not constitute a waiver of his right to make the motion, especially if he had not appeared generally in the state court, but it refused to follow such holdings.

"The appellant also relies upon State v. Love, 110 Fla. 91, 148 So. 208, and Britton v. Beltzhoover, 147 Miss. 737, 113 So. 346. These decisions are to the same effect as the New York case.

"The appellee relies upon decisions of the Supreme Court

of the United States which hold that, after an action has been removed from a state court, the defendant has the right to appear specially and attack the supposed service upon him in the state court, and that the defendant did not enter a general appearance by filing his petition for the removal of the action. Goldey v. Morning News, 156 U. S. 518, 15 S. Ct. 559, 39 L. Ed. 517; Wabash Western Railway v. Brown, 164 U. S. 271, 17 S. Ct. 126-129, 41 L. Ed. 431; Clark v. Wells, 203 U. S. 164, 27 S. Ct. 43, 51 L. Ed. 138; Cain v. Commercial Publishing Co., 232 U. S. 124, 34 S. Ct. 284, 58 L. Ed. 534; General Investment Co. v. Lake Shore & Michigan Southern Railway Co., 260 U. S. 261, 43 S. Ct. 106, 67 L. Ed. 244; Morris & Co. v. Scandinavia Ins. Co., 279 U. S. 405, 49 S. Ct. 360, 73 L. Ed. 762; R. H. Hassler, Inc., v. Shaw, 271 U. S. 195, 46 S Ct. 479, 70 L. Ed. 900."

It cannot be overlooked here that in the federal courts and many of the state courts that the filing of a petition and giving bond and otherwise complying with the federal statutes for the removal of a cause from a state court to a federal court does not amount to a general appearance in a cause which precludes a defendant from objecting to the jurisdiction of a court over his person and the rule seems to be clear so as to include a cause when for sufficient legal reasons it is by the federal court remanded to a state court. In jurisdictions where a petition for removal is regarded as a general appearance when a cause is removed and the identical cause for some sufficient legal reason is remanded from the federal to the state courts, the defendant is regarded as being in the state court for all purposes and cannot object to its jurisdiction. It is within the power of a state court to conclude what constitutes a general or special appearance in the courts of a state and pursuant

thereto this court in the case of State, *ex rel.* Neel, v. Love, 110 Fla. 91, 148 Sou. Rep. 208, specifically held that the filing of a petition and bond for the removal of a cause to a federal court was a general appearance in the state court. Mr. Justice DAVIS, in behalf of the Court on text page 94, said:

"Sound reasoning, as well as authority supports the conclusion that a defendant's appearance in a State court for the purpose of filing a petition and bond for removal of the pending cause to the Federal Court, is, in the event the petition for removal is denied because filed too late, an appearance in the State Court for all purposes thereafter in so far as the State Court is concerned, and the party defendant who has filed such petition and bond for removal of the cause from the State Court to the Federal Court is subsequently to be considered as being properly in the State Court and subject to all liability that a general appearance in the State Court would give against him, subject of course to the right the defendant has to take appropriate proceedings to redress any improper disallowance of his petition for removal from the State Court, in the event he can make it appear that this petition was wrongfully denied. See Britton v. Beltzhoover, 147 Miss. 737, 113 Sou. Rep. 346."

The utterances of this court seem to be in accord with Farmer v. National Life Ass'n of Hartford, 138 N. Y. 265, 33 N. E. Rep. 1075, and Citizens' Light, Power & Telephone Co. v. Usnik, 26 N. M. 494, 194 Pac. Rep. 862.

It is a general maxim that when a point of law has been settled by a decision it forms a precedent which is not to be departed from. The case at bar is ruled by State, *ex rel.* Neel, v. Love, *supra.*

It is contended here that H. C. Rorick was in Florida upon request of counsel in connection with pending litiga-

tion in the courts. It is admitted that he is a non resident. He was served with process by the Sheriff or other officer while in the office of his attorney while consulting on legal business and under these circumstances he was immune from the service of process. It appears to be established that witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes. See 50 C. J. par. 227, page 548.

The order appealed from is affirmed. The lower court, upon proper notice, after going down of the mandate, will fix a time for defendants to plead as advised.

WHITFIELD, P. J., and BROWN, J., concur.

ELLIS, C. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.