HORTON, Chief Judge.
The plaintiff in the court below appealed from an order of dismissal in which the trial judge dismissed the cause of action for lack of jurisdiction over the defendant.
The facts here appear to be without dispute and briefly summarized are as follows: The appellee, while employed by the appellant as an automobile salesman, failed to account to the appellant for the sum of approximately $1,300 received as the proceeds from the sale of an automobile. After leaving the premises of the appellant, the appellee departed from the State of Florida and refused to repay to the appellant the aforesaid monies. Prior to the institution of the present action, the appellant had instituted suit in the same court against Old Colony Insurance Company upon its agreement to indemnify the appellant under a blanket position bond for loss of money or property, namely the $1,300 allegedly obtained by the appellee and converted. At the request of Old Colony Insurance Company, the appellee came to Miami from Lebanon, Pennsylvania, to testify in the action brought by the appellant against the insurance company, and while in Miami, was served with process in the present case. The appellee filed a special appearance and a motion to dismiss the present action contending there was lack of jurisdiction over his person and the subject matter, as well as the insufficiency of the process and the service of process. The trial judge sustained the motion to dismiss on the ground of lack of' jurisdiction over the appellee.
The question posed here is whether or not the appellee, a non-resident witness in a pending litigation, is immune from service of process in a related action. We conclude that he is not, and that the order appealed should be reversed.
We have not been favored with a brief by the appellee. Nevertheless, we have concluded that the facts in this case fall squarely within the rule announced in State ex rel. Ivey v. Circuit Court of Eleventh Judicial Circuit, Fla.1951, 51 So.2d 792, 793, where the Supreme Court of our state, in commenting on an exception to the immunity rule applicable to non-resident witnesses within the state, said:
“There is, however, a recognized exception to this rule, where the process was issued in litigation incidental to or correlated with the subject matter of the proceedings during attendance upon which the non-resident suitor was served, and in such cases immunity has ' frequently been denied.”
See also 24 Fla.Jur., Process, § 68, p. 446.
*303 The appellee, a non-resident, was in the State of Florida to testify in a cause between his former employer and an indemnity insurer for actions which it was contended grew out of the appellee’s employment and conversion of certain funds of the employer. The present action in which the appellee was served with process while in the State of Florida to testify in the former action, involved the same subj ect matter and grew out of the same transaction that was involved in the suit in which he was to testify. Consequently, we conclude that he comes squarely within the exception to the rule and that the court had jurisdiction over his person by reason of the service of process.
Accordingly, the order appealed is reversed and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
PEARSON and CARROLL, CHAS., JJ-, concur.