PER CURIAM.
The defendant appeals from a summary final judgment for the plaintiff in an action by an employer against its employee claiming negligent loss of the employer’s money by the employee.[1] The negligence alleged was that the defendant-employee held the employer’s money overnight, taking the money from the premises of the employer, contrary to instructions which were to deposit the money with the salesman in charge of the place of business. The defendant denied the allegations of the complaint and set forth affirmative defenses as follows: (1) the plaintiff contributed to the negligence by its failure to provide proper facilities for the safekeeping of money overnight; (2) the plaintiff waived defendant’s failure to follow the instruction by plaintiff’s consent to defendant’s violation thereof.
The summary final judgment appealed was based upon three affidavits. Two of these were submitted by the plaintiff in support of its motion for summary judgment and set forth the existence of the instruction and defendant’s admitted violation thereof. No reference was made to the affirmative defenses.[2] The affidavit of the appellant was submitted in support of his own motion for summary judgment. In it he admitted the instruction some 18 months prior to the loss, set forth his frequent violation of the instruction and that such violations were necessary because of the late hours that he worked.
The court, determining that there was no genuine issue of material fact, entered the judgment appealed. It is apparent that although each party moved for a summary judgment there were, in actuality, genuine issues of material fact as to the existence of negligence on the part of the defendant and the existence of a waiver of the instructions by custom and practice; therefore, the entry of the summary final judgment was error and the cause must be reversed for trial by jury.
Reversed and remanded.

. A previous appearance of this case may be found at Fla.App., 119 So.2d 301.

. See Emile v. First National Bank of Miami, Fla.App.1961, 126 So.2d 305.