PER CURIAM.
By this interlocutory appeal Roger Lienard, Jr., plaintiff below, seeks reversal of an order dismissing his complaint without prejudice. The complaint claimed damages allegedly deriving from personal injuries received by the plaintiff during a physical attack upon him in North Carolina by the defendant, L. G. DeWitt. The trial court found and adjudged that jurisdiction of the person of the defendant had not been obtained.
The plaintiff had instituted proceedings in Florida against L. G. DeWitt, Inc., a Florida corporation, to recover workmen’s compensation for losses allegedly related to the physical attack upon him by L. G. DeWitt personally. It appears that L. G. DeWitt, a North Carolina resident, periodically came to Florida for business purposes. On the occasion here involved, however, he came to Florida by request to appear before the Deputy Industrial Commissioner in Broward County with reference to the plaintiff’s workmen’s compensation claim. He was in the hearing room of the Deputy Commissioner in connection with that proceeding when he was served with process in the instant suit against him personally.
L. G. DeWitt appeared specially and moved to quash and dismiss on the ground that the court was without jurisdiction of. his person at the time of the aforesaid service upon him since he was present in-Florida solely for the purpose of appearing in the workmen’s compensation hearing-The trial court considered the pleadings and affidavits and concluded that the motion to dismiss should be granted under the immunity rule, based on public policy, as defined by the Supreme Court of Florida in Rorick v. Chancy, 1937, 130 Fla. 442, 178 So. 112, and followed by the Third District Court of Appeal in Lawson v. Benson, Fla.App.1962, 136 So.2d 353:
“ * * * It appears to be established that witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes.
See 50 C.J. par. 227, p. 548.”
The import of the instant order was to hold that the present case did not come within the recognized exception to the above rule, which exception was noted and applied in L. P. Evans Motors, Inc. v. Meyer, Fla.App.1960, 119 So.2d 301, and in State, ex rel. Ivey v. Circuit Court of the Eleventh Judicial Circuit et al., Fla. 1951, 51 So.2d 792, wherein the court said:
“(2) There is, however, a recognized exception to this rule [immunity from service], where the process was issued in litigation incidental to or correlated with the subject matter of the proceedings during attendance upon which the non-resident suitor was served, and in such cases immunity has frequently been denied. * * * ”
In the case last quoted immunity was denied in view of the close correlation of the two proceedings, the court finding that the proceedings in effect involved identical parties and issues which brought the par *44 ticular case "well within the exception to the rule,” the prime issue in both proceedings being whether or not an identical decedent died testate. Accordingly service of process on the non-resident executor in the later suit was held valid. The court noted that the executor was, in fact, already actively defending the prior suit.
L. P. Evans Motors, Inc. v. Meyer, supra, was also submitted in justification of reversal. In that case plaintiff appealed an order of dismissal for lack of jurisdiction of the defendant. The defendant, while employed by the plaintiff, left the State of Florida with $1300.00 of plaintiff’s money. The plaintiff first brought action against an insurer on an indemnity agreement under a blanket policy for loss of the money wrongfully converted by the defendant. Thereafter the defendant came to Miami to testify at the request of the insurance company and, while in Miami, he was served with process in a suit by the employer against him personally for recovery of .the loss caused by his defalcation. The Third District Court of Appeal, holding the process valid as an exception to the general rule, stated:
“The appellee, a non-resident, was in the State of Florida to testify in a cause between his former employer and an indemnity insurer for actions which it was contended grew out of the ap-pellee’s employment and conversion of certain funds of the employer. The present action in which the appellee was served with process while in the State of Florida to testify in the former. action, involved the same subject matter and grew out of the same transaction that was involved in the suit in which he was to testify. Consequently, we conclude that he comes squarely within the exception to the rule and that the court had jurisdiction over his person by reason of the service of process.”
Lawson v. Benson, supra, is a very recent case in which the Third District Court of Appeal found no basis for applying the exception and accordingly followed the general rule. In that case plaintiff Benson, a non-resident, filed suit against his ex-wife for relief relating to child custody. While in Florida as a party and witness with respect to that proceeding, he was sued for fees by the attorney who had represented him in an earlier unsuccessful suit for similar relief. His motion to quash the service in the later suit was granted and affirmed, the court’s opinion stating that the facts did not bring the case within the exception.
In each of the decisions in which the exception to the immunity rule was applied, the court took note of the close identity of parties and issues in the respective proceedings which would indicate substantial identity of result. In the present case, however, it requires no extensive analysis to conclude that there is no such identity of parties, issues and prospective results. Despite a relation between plaintiff’s workmen’s compensation suit with respect to his corporate employment and his tort action for damages against L. G. DeWitt individually, the correlation is clearly insufficient to invoke the exception. The defendant, therefore, was correctly held to be within the general rule of immunity from service of process.
Affirmed.
SHANNON, C. J., and WHITE and SMITH, JJ., concur.