153 So.2d 302 (1963)
Roger LIENARD, Jr., Petitioner,
v.
L.G. DeWITT, Respondent.
No. 31985.
Supreme Court of Florida.
May 15, 1963.
Ruden, Barnett & McClosky and Elliott B. Barnett, Fort Lauderdale, for petitioner.
*303 Harold G. Featherstone, of Welsh, Cornell, Pyszka & Carlton, Miami, for respondent.
CALDWELL, Justice.
This case is here on petition for writ of certiorari to the District Court of Appeal, Second District[1], alleging direct conflict with the decision of the District Court of Appeal, Third District, in L.P. Evans Motors, Inc. v. Meyer.[2] We have jurisdiction.
Petitioner was plaintiff below in an action seeking damages for personal injuries received during an alleged attack upon him in North Carolina by respondent, defendant below. Respondent-defendant appeared specially to contest the trial court's jurisdiction over him on the ground of immunity because, at the time he was served with summons, he was in the hearing room of the Deputy Industrial Commissioner to testify with reference to plaintiff's workmen's compensation claim against L.G. DeWitt, Inc., for injuries allegedly sustained in the same altercation.
It is undisputed that respondent, a resident of North Carolina, had come to Florida for the sole purpose of appearing as a witness in connection with the workmen's compensation claim against the corporation. The trial court entered an order finding that it had no jurisdiction over the defendant and dismissed the complaint without prejudice. In so doing, the court recognized the immunity rule first stated by this Court in Rorick v. Chancey[3] as follows:
"It appears to be established that witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes."
The trial court likewise considered, but declined to apply to the facts of this cause, the exception to the immunity rule enunciated by this Court in State ex rel. Ivey v. Circuit Court[4] as follows:
"There is, however, a recognized exception to this rule, [non-resident witness immunity rule] where the process was issued in litigation incidental to or correlated with the subject matter of the proceedings during attendance upon which the non-resident suitor was served, and in such cases immunity has frequently been denied."
The district court, affirming the order of dismissal, distinguished the cases in which the exception to the immunity rule has been allowed, holding:[5]
"In each of the decisions in which the exception to the immunity rule was applied, the court took note of the close identity of parties and issues in the respective proceedings which would indicate substantial identity of result. In the present case, however, it requires no extensive analysis to conclude that there is no such identity of parties, issues and prospective results." (Emphasis added)
We agree with the ultimate conclusion but it is our view that the additional requirement for the exception, "substantial identity of result", is not necessary and may serve to further complicate an already complex situation. In the Ivey case, supra, there was correlation between the two proceedings and the parties were identical.
The affirmance of the decision of the district court in this cause necessitates, *304 in the interest of uniformity, the over-ruling of the decision reached in the L.P. Evans case, supra, cited as basis for conflict certiorari. The court in that case held the proceeding to be sufficiently related to make the immunity rule inapplicable and to permit service of process upon the non-resident witness even though the parties involved in the two suits were not the same. The contrary ruling upon these facts in the instant case is, in our opinion, preferable. The immunity rule rather than its exception, must control because of lack of identity of parties and issues in the two proceedings.
We conclude that the disposition of the cause, subject to the modification of language hereinabove noted, was proper and the decision is therefore affirmed.
ROBERTS, C.J., and DREW, O'CONNELL and HOBSON (Ret.), JJ., concur.
NOTES
[1] 143 So.2d 42 (Fla.App.2nd 1962).
[2] 119 So.2d 301 (Fla.App.3rd 1960).
[3] 130 Fla. 442, 453, 178 So. 112, 116 (1937).
[4] 51 So.2d 792, 793 (Fla. 1951).
[5] 143 So.2d 42, 44 (Fla.App.2nd 1962).