PEARSON, Judge.
This interlocutory appeal is from the chancellor’s order denying defendant’s motion to dismiss upon the ground of lack of jurisdiction over her person. The facts adduced at the hearing on the motion are admitted to be as follows. The appellee, Bessie Robins, individually and as surviving spouse of Oscar Robins, and as Executrix of the Estate of Oscar Robins, deceased, filed a complaint to cancel a change of beneficiary endorsement, impress a trust and for other relief. The appellant, Faye Bruner, and the New York Life Insurance Company were defendants. This complaint seeks relief upon the theory of “fraud, misrepresentation, trickery, deceit, *568 breach of trust, undue influence and abuse of confidential relationship” on the part of the appellant, Bruner. The New York Life Insurance Company is made a party to the suit because it is the holder of the proceeds of a policy of insurance on the life of Oscar Robins. This is the property that is claimed to be subject to a trust in appellee’s behalf.
Service of process was effected on the defendant, New York Life Insurance Company. Appellant, Bruner, is a resident of the State of New York. She came to Miami, Florida, for the sole purpose of appearing as a defendant and a witness in another suit. The prior suit was also in the circuit court of Dade County and was based upon similar allegations of misconduct. As appellant stepped from the elevator on her way to the Judge’s Chambers for trial in that case, service was effected upon her in the instant case.
In the prior case, the plaintiffs were initially Bessie Robins and Oscar Robins individually. After Oscar’s death, Bessie Robins, as the Executrix of the Estate of Oscar Robins, was substituted as a party plaintiff.[1] The defendants were Faye Bruner and the Chase Federal Savings and Loan Association of Miami Beach, Florida. The Savings and Loan Association had been made a party to the suit because it is the holder of funds in a savings account which were deposited under appellant’s name. The complaint in this suit sought to impress a trust upon the savings account for the benefit of the plaintiffs.
The theory of the action in the prior suit was fraud, undue influence and abuse of confidential relationship by defendant Bru-ner in procuring savings account passbooks from a safe deposit box and in procuring blank withdrawal slips signed by the decedent. It waá alleged that she used said documents to transfer funds to her own account. In the instant suit, it is alleged that fraud and undue influence were used to procure a change of beneficiary upon the life insurance policy.
The rule is well established in Florida that witness and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes. Rorick v. Chancey, 130 Fla. 442, 178 So. 112 (1937).
It is also well established that there is an exception to the immunity rule where the process (in the second suit) is issued in litigation incidental to or correlated with the subject matter of the proceedings during attendance upon which the non-resident suitor is served. State ex rel. Ivey v. Circuit Court of Eleventh Judicial Circuit, Fla.1951, 51 So.2d 792.
Our task is to determine whether the facts of this case fall within the general rule or within the exception. In Lienard v. DeWitt, Fla. 1963, 153 So.2d 302, the Supreme Court of Florida considered the exact limitations of the exception enunciated in the Ivey case, supra. The Court held that the exception to the immunity rule is not applicable where there is a lack of identity of parties and issues in the two-proceedings.
The second suit, with which we are here concerned, is not incidental to or correlated with the subject matter of the prior suit. The identity of issues which was present in the Ivey case (the proceedings involved the testamentary disposition of the decedent’s estate)[2] is not presented by this *569 record. There is no essential connection between the two suits. Therefore, the general rule, rather than the exception applies. The trial court erred in failing to quash the service under the rule set forth in Rorick v. Chancey, 130 Fla. 442, 178 So. 112 (1937).
The order denying the motion to dismiss is reversed, and the cause is remanded with directions to quash the service of process.
Reversed.

. The complaint in the first suit (case no. 640 1003) had been filed by Oscar Robins and the appellee. Oscar Robins died on March 22, 1966. The complaint in the second case (case no. 660 3175) was filed on March 24, 1966. On April 29, 1966, Bessie Robins, as Executrix, was substituted as a party plaintiff in the first suit. The final hearing in the first case and service of process in the second ease occurred on May 11, 1966.

. See case comment, 5 Fla.L.Rev. 210 (1952).