278 So.2d 296 (1973)
MURPHY & JORDAN, INC., a New York Corporation, et al., Appellants,
v.
INSURANCE COMPANY OF NORTH AMERICA et al., Appellees.
No. 73-106.
District Court of Appeal of Florida, Third District.
May 15, 1973.
Sherouse & Virgin, Richard M. Gale, Miami, for appellants.
Broad & Cassel, Miami Beach, Richard Morton, Horton, Schwartz & Perse, Taylor, Brion, Buker, Hames, Greene & Whitworth, Miami, for appellees.
Before PEARSON, CHARLES CARROLL and HAVERFIELD, JJ.
PER CURIAM.
Defendant-appellants take this interlocutory appeal to review the lower court's order denying defendants' motion to quash process and service of process.
Plaintiff Insurance Company of North America filed an amended complaint against, among others, Murphy & Jordan, Inc. of Florida, Murphy & Jordan, Inc. of New York, Murphy & Jordan, Inc. of New Jersey, Thomas Jordan, and William Murphy. A summons was served upon Murphy & Jordan, Inc. of Florida. Thereafter, plaintiffs renoticed the depositions of Thomas Jordan, as president of Murphy & Jordan, Inc., a Florida corporation, and William Murphy, as secretary of Murphy & Jordan, Inc., a Florida corporation, on October 10, 1972. On that date, while Thomas Jordan and William Murphy were in Miami pursuant to the renotices of taking depositions, they were both served in their individual capacities. At the same time service was made on Murphy & Jordan, Inc. of New York and Murphy & Jordan, Inc. of New Jersey by serving summonses on William Murphy, as an officer of both foreign corporations. Defendants, Murphy & Jordan, Inc. of New York, Murphy & Jordan, Inc. of New Jersey, Thomas Jordan and William Murphy filed a motion to quash process and services of *297 process with supporting affidavits which reflected William Murphy to be a resident of the State of New Jersey and Thomas Jordan to be a resident of the State of New York. The motion was denied.
Appellants contend that a non-resident named in the complaint as a party defendant is immune from service of process in the same action while appearing as a witness for a deposition.
It is well established in Florida that witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes. Rorick v. Chancey, 130 Fla. 442, 178 So. 112 (1937).
We also are aware of the fact that there is an exception to the immunity rule. State ex rel. Ivey v. Circuit Court, Fla. 1951, 51 So.2d 792 and Lienard v. DeWitt, Fla. 1963, 153 So.2d 302. However, in order for this exception to be controlling there must be (1) identity of parties and (2) identity of issues. Lienard v. DeWitt, supra, and Bruner v. Robins, Fla.App. 1966, 191 So.2d 567. In the case sub judice the witnesses, William Murphy and Thomas Jordan, were deposed as corporate officers only and not in their capacity as individuals. It would appear that they were to testify also as corporate witnesses. It follows then that the necessary element of identity of parties is lacking and, therefore, the general rule of immunity from service of process, rather than the exception, applies. See 72 C.J.S. Process § 80 (1951).
Further, the record reveals that service was made upon Murphy & Jordan, Inc. of New York and Murphy & Jordan, Inc.[1] of New Jersey through "William Murphy, as officer." Process was improper as F.S. § 48.081[2] F.S.A. requires that service be made on the president of the corporation if he is present as in the case sub judice.
The order denying the motion to quash process and service of process is reversed and the cause is remanded with directions to quash process and service of process.
Reversed and remanded.
NOTES
[1] William Murphy is secretary of both Murphy & Jordan, Inc. of New York and Murphy & Jordan, Inc. of New Jersey.
[2] "48.081 Service on corporations

"(1) Process against any private corporation, domestic or foreign, may be served:
"(a) On the president or vice-president, or other head of the corporation; and in his absence:
"(b) On the cashier, treasurer, secretary or general manager; and in the absence of all of the above: ..."