522 So.2d 95 (1988)
Philip HIGGINS, Appellant,
v.
Eulogio GARCIA, Appellee.
No. 87-2628.
District Court of Appeal of Florida, Third District.
March 22, 1988.
Nevel & Lowy and Ronald S. Lowy, Miami Beach, for appellant.
Squardron, Ellenoff, Mandler, Plesent & Lehrer and Mitchell W. Mandler and Janet E. Ritenbaugh, New York City, for appellee.
Before SCHWARTZ, C.J., and BARKDULL and FERGUSON, JJ.
PER CURIAM.
The appellee, Garcia, brought an action against Solimar Corporation and its officer, appellant Philip Higgins, alleging breach of contract and fraud.
Service of process could not be obtained on Higgins, who was residing outside the jurisdiction. In response to the appellee's request that the defendant corporation produce *96 a knowledgeable corporate representative to respond to discovery efforts, Higgins appeared specially for the limited purpose of "attending [a] deposition as a representative of Solimar."
In the midst of the deposition hearing Higgins was nevertheless served with process. He terminated the deposition and filed a motion to quash process and service of process. This appeal is brought from the court's order denying the motion to quash.
Higgins' motion to quash should have been granted. Where a defendant is deposed as a corporate representative of a defendant corporation and not as an individual, the individual defendant is immune from process while attending the deposition. Murphy & Jordan, Inc. v. Insurance Co. of N. Am., 278 So.2d 296 (Fla. 3d DCA 1973). An off-the-record agreement between counsel that Higgins would answer certain personal questions so as to permit broad discovery was not a waiver of the prior written understanding that he was appearing solely as a corporate representative.
Reversed.