LEVY, Judge.
Hector Gonzalez, a nonresident, was served with process as an individual, and as a corporate officer, after leaving a hearing he attended to testify on behalf of the corporate defendant in pending litigation. He subsequently filed a motion to dismiss both as an officer of the corporation and as an individual.
We affirm the trial court’s denial of Hector Gonzalez’ motion to dismiss, for improper service, as an officer of his corporation. Gonzalez made an appearance to testify as an officer of a corporation which was already subject to Florida’s jurisdiction, thereby properly subjecting him to service. We reverse, however, the trial court’s denial of Gonzalez’ motion relating to service on him individually. Because Gonzalez, a nonresident, appeared in court to testify as an officer of his corporation, and not as an individual, he did not subject himself to the trial court’s jurisdiction and, therefore, was immune from service of process as an individual. It is a well established rule that nonresident witnesses who have entered the state to testify in pending litigation on behalf of a party are immune from service of process individually. Higgins v. Garcia, 522 So.2d 95 (Fla. 3d DCA 1988); Pomerantz v. Hollowell, 502 So.2d 1314 (Fla. 3d DCA, 1987); Murphy & Jordan, Inc. v. Insurance Company of North America, 278 So.2d 296 (Fla. 3d DCA 1973). Although the appellee argues that Gonzalez filed a motion to dissolve a temporary injunction as against himself, which was the subject of his appearance on behalf of the corporation, such a motion is not part of the trial court’s record.
We therefore remand this cause with directions to grant Gonzalez’ motion, thereby quashing service of process on Gonzalez individually.
Affirmed in part, reversed in part and remanded with directions.