GOSHORN, Judge.
Jane Doe, individually and as parent and next friend of the minor children, Sally Doe and Sam Doe, appeals the order setting aside the default judgment and quashing service of process on defendant Jonathan Alphanso White, a resident of Jamaica. Doe argues that the court erred in holding White was immune from service of process at the time he was served. We agree and reverse.
*60 The Doe family was vacationing on The Big Red Boat in August, 1995, when thirteen year old Sally Doe reported that White, a crew member, had sexually assaulted her while at sea. The Big Red Boat sails out of Cape Canaveral, Florida. When the boat docked at Cape Canaveral, Brevard County sheriffs deputies boarded the ship to investigate the accusation. The deputies asked White to accompany them to their office, which White did. White gave a statement implicating himself and was arrested. He never did return to the ship.
White was acquitted of the federal criminal charges based on the prosecution’s failure to establish the location of the ship when the assault occurred. Because of a hold placed on White by the United States Border Patrol, White was not free to leave the courtroom following the court’s pronouncement of the directed verdict. Instead, he was placed in the custody of the Border Patrol until he could be put on a plane for Jamaica the next day. While White was in a holding cell awaiting his departure time, White was served by Doe with process in the instant case. White flew out of -the United States several hours later and apparently has not been seen or heard from since.
Doe obtained a clerk’s default in this suit based upon White’s failure to respond to the complaint. White’s counsel from the federal suit moved to set aside the default and sought to have service of process quashed. White argued below, and the trial court found, that White was immune from service of process while in the custody of the Border Patrol.
The immunity found applicable to White stems from the general rule that witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes.
Rorick v. Chancey, 130 Fla. 442, 453, 178 So. 112, 116 (1937), vacated on other grounds on rehearing, 142 Fla. 290, 195 So. 418 (1939). In Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720 (1932), the Court discussed the purpose behind the immunity rule:
The general rule that witnesses, suitors, and their attorneys, while in attendance in connection with the conduct of one suit, are immune from service of process in another, is founded, not upon the convenience of the individuals, but of the court itself. As commonly stated and applied, it proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation.
* * * * * *
It follows that the privilege should not be enlarged beyond the reason upon which it is founded, and that it should be extended or withheld only as judicial necessities require. Limitations of it on this basis have been not infrequently made because the attendance upon the trial of a cause, however vital to the personal interests of those concerned, was not for the purpose of facilitating the progress of the cause, ... or because the service was made on one whose attendance was not voluntary, and hence had no tendency to interfere with judicial administration....
(Citations omitted). See also Stokes v. Bell, 441 So.2d 146 (Fla.1983) (finding continued validity to policy reasons supporting witness immunity).
The general rule of immunity is inapplicable under the facts of this case. White did not come into the state for the sole purpose of defending a suit. Rather, White was already in Florida, voluntarily, by virtue of his employment when he was arrested on the criminal charge. Just as any other nonresident defendant who comes' into the state voluntarily, allegedly commits a crime here, and gets arrested, White was subject to ser *61 vice of process in any civil action that a party may properly bring against him in this state.[1]
We reject White’s assertion that section 941.25, Florida Statutes (1995) “Immunity from service of process in certain civil actions,” applies. This section provides:
A person brought into this state by, or after waiver of, extradition based on a criminal charge shall not be subject to service of personal process in civil actions arising out of the same facts as the criminal proceedings to answer which he is being or has been returned, until he has been convicted in the criminal proceeding, or, if acquitted, until he has had reasonable opportunity to return to the state from which he was extradited.
White was not brought into this country by legal process. He was voluntarily in the waters of Florida. Thus, he was not “brought into the state by, or after waiver of, extradition based on a criminal charge....”
In light of Doe’s concession that she would agree to having the default judgment against White set aside to allow White the opportunity to defend himself, we need not address the propriety of the portion of the order setting aside the default judgment. White was properly served with process and may defend himself.
REVERSED in part; AFFIRMED in part; REMANDED for further proceedings.
PETERSON, C.J., and W. SHARP, J., concur.

. In any event, the purpose behind the witness immunity rule would not be served by its application in this case. Granting White immunity would not aid or protect the due administration of justice, but rather would hinder it. Further, there is no chilling effect on White's access to the courts by finding him properly amenable to service. White had voluntarily come into this state for his own personal profit, thus subjecting himself to potential suits arising from his actions while in this forum.