# Third District Court of Appeal

## State of Florida

Opinion filed January 3, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-1604
Lower Tribunal No. 16-25189
_____

**Luiz Queiroz, et al.,**
Appellants,

vs.

**Bentley Bay Retail, LLC,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Eric William Hendon, Judge.

Bernhard Law Firm PLLC, and Andrew J. Bernhard, for appellants.

Kozyak Tropin & Throckmorton, LLP, and Javier A. Lopez, Dyanne E. Feinberg, and Stephanie Moncada Gomez, for appellee.

Before ROTHENBERG, C.J., and LAGOA and LOGUE, JJ.

LOGUE, J.

Appellants Luiz Queiroz and Karine Queiroz, seek review of the trial court's

orders denying their motions to quash the service of process made upon them

individually while they attended depositions in their capacities as corporate officers of Soho Bay Restaurant, LLC (Soho Bay), and entering sanctions against them. We reverse.

The appellee, Bentley Bay Retail, LLC, filed suit against four defendants: Soho Bay; Luiz Queiroz; Karine Queiroz; and Katz, Barron, Squitero, Faust, Friedberg, English & Allen, P.A. (Katz Barron).[1] Soho Bay was served via its manager, Max Heindl. Luiz and Karine Queiroz reside in Brazil and are corporate officers of Soho Bay. The sole count against Luiz and Karine Queiroz, individually, was for breach of personal guaranty.

Bentley Bay filed notices to take the depositions of Luiz and Karine Queiroz. Luiz and Karine Queiroz repeatedly tried to fend off these depositions. First, they argued that immigration issues made it unduly burdensome for them to appear in the United States. Then they argued they could not be deposed in Brazil. Ultimately, the trial court had to order them to "appear for deposition in their corporate capacity." Following a motion for reconsideration, the trial court again ordered them to appear for deposition. Luiz and Karine Queiroz then agreed to come to Florida to be deposed. At the depositions, Luiz and Karine Queiroz were served with suit in their individual capacities. They moved to quash service, arguing they were immune from service of process because they were appearing in

_____

[1] Soho Bay and Katz Barron are not parties to this appeal.

the jurisdiction to be deposed in their corporate capacities. The trial court denied the appellants' motion and this appeal followed.

Under Florida law, "[i]t is well established . . . that witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes." Murphy & Jordan, Inc. v. Ins. Co. of N. Am., 278 So. 2d 296, 297 (Fla. 3d DCA 1973) (citation omitted).

Bentley Bay argues that this case falls within an exception to Murphy. "Murphy recognized that its rule of immunity to process does not apply when there is (1) identity of parties and (2) identity of issues." Id. (citations omitted). Here, however, there was no identity of the parties.

Luiz and Karine Queiroz were appearing in their corporate capacities. Bentley Bay wants to serve them in their individual capacity. For purposes of immunity from service of process, there is no identity of a person in their corporate capacity and individual capacity. Murphy, 278 So. 2d at 296-97 (finding that the exception to the immunity rule did not apply where individual named defendants were served with process at a deposition where they appeared in their corporate capacities). This case therefore does not fall within the exception.

Bentley Bay, however, argues that Luiz and Karine Queiroz have sufficient minimum contacts to subject them to jurisdiction under Florida's long-arm statute, section 48.193, Florida Statutes. See Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989). Whether Luiz and Karine Queiroz are subject to long-arm jurisdiction, an issue we do not decide, is irrelevant to our ruling. Even if they are subject to long-arm jurisdiction, Luiz and Karine Queiroz still need to be served. Under Murphy, they cannot be served while attending a court-ordered deposition.

Accordingly, we reverse the trial court's order denying the motion to quash service and to dismiss for lack of jurisdiction and remand for further proceedings consistent with this opinion. The sanctions order established Bentley Bay's entitlement to fees "expended on these matters." We reverse the sanctions order to the extent it awards sanctions specifically related to the motions to quash and dismiss for lack of service.

Reversed and remanded.