J. P. SPEIGHT, et al, *Applicants*, vs. M. F. HORNE, Judge, and A. L. ROWE, *Respondents*.

Division B.

Opinion filed April 4, 1931.

*Hugh M. Taylor,* of Quincy, Fla., and *R. C. Horne,* of Madison, Fla., for relators.

*R. H. Rowe,* of Madison, Fla., for Respondents.

DAVIS, J.—In this case J. P. Speight, a resident of the County of Decatur, State of Georgia, and A. Livingston and F. L. Cantey, citizens and residents of the County of Madison and State of Florida, individually and as co-partners doing business under the firm name and style of Madison Tobacco Company, seek a writ of prohibition against the Hon. M. F. Horne, Judge of the Third Judicial Circuit of the State of Florida to prohibit him from further proceeding in a common law action filed in the Circuit Court of Madison County wherein A. L. Rowe is plaintiff, and the declaration filed in the cause declares against the defendants who are therein designated as "A. Livingston, F. L. Cantey and J. P. Speight, *as* partners doing business under the style and firm name of Madison Tobacco Company."

The action was begun by the filing of a praecipe for summons in which the defendants were merely named as "A. Livingston, F. L. Cantey, J. P. Speight, partners doing business under the style and firm name of Madison Tobacco Company." Pursuant to this praecipe a summons *ad respondendum* was issued in the words and figures following, after omitting the formal parts:

"We command you to summon A. Livingston, F. L. Cantey, J. P. Speight, partners doing business under the style and firm name of 'Madison Tobacco Company' if they be found within the County of Madison, personally to be and appear before the Judge of our Cir-

cuit Court of Madison County, Third Judicial Circuit of Florida, at the Court House in the City of Madison on the first Monday in July next, being Rule Day of said Court to answer A. L. Rowe in an action of Debt Damages to the Plaintiff's damages Four Thousand & No/100 Dollars. And have then and there this Writ.''

The return of the Sheriff shows that it was executed by the Sheriff ''on June 27, 1930, on Madison Tobacco Company, a co-partnership, and on Speight & Cantey, a co-partnership, and on F. L. Cantey, individually, by delivering to him on said date a true copy of this writ for himself and for each of said co-partnerships.''

F. L. Cantey entered a special appearance and objected to the jurisdiction of the Court upon the ground that proper service of process had not been had, and likewise there was filed on behalf of ''Madison Tobacco Company,'' without designating whether it was a corporation or other entity, a similar special appearance and objection to the jurisdiction of the Court.

Subsequent to these proceedings the return of the Sheriff on the first summons *ad respondendum* which had been executed on June 27, 1930, was amended so as to show service ''on Madison Tobacco Company, a co-partnership, by delivering on said date to F. L. Cantey, a member of said co-partnership, a true copy of this writ for said co-partnership.'' This amendment was granted by the Circuit Judge on July 17, 1930, after motion and notice, and on July 31, 1930, the petition for writ of prohibition in this case was filed and a rule *nisi* issued.

On July 17, 1930, the date of the amendment to the original return of service, praecipe for an alias summons to be directed to ''A. Livingston, F. C. Cantey, J. P. Speight, *as* partners doing business under the style and

firm name of Madison Tobacco Company" was filed, but the record does not show that, if any, proceedings resulted from the filing of this alias praecipe prior to the application for a writ of prohibition.

The question is therefore presented as to whether or not the facts of record above recited warrant the Court in proceeding to hear and determine the cause against the petitioners as co-partners who seek to prohibit the Court from further exercise of jurisdiction to enter judgment in favor of the plaintiff A. L. Rowe against "J. P. Speight, A. Livingston and F. L. Cantey, as co-partners doing business under the style and firm name of Madison Tobacco Company."

Under Sec. 4229 (2589), Comp. Gen. Laws, a personal suit at law is begun by filing a praecipe or memorandum "stating the names of the parties, the nature of the action and the amount of the debt or damages for which the plaintiff sues." Under Sec. 4248 (2601), when an original process "is sued out against" several persons composing a mercantile or other firm, the service of said process on any one member of said firm is as valid as if served upon each individual member thereof and the plaintiff may, after service upon any one member as aforesaid, proceed to judgment and execution against them all.

The record in this case shows that the original process was "sued out against" A. Livingston, F. L. Cantey and J. P. Speight, partners doing business under the style and firm name of Madison Tobacco Company and not "as" partners as aforesaid.

In the case of State ex rel. Palmer v. Gray, Circuit Judge, 111 So. 242, 92 Fla. 1123, it was held that where defendants are so described or styled the action is against the named defendants as individuals and not as co-partners.

But the declaration filed by the plaintiff in the case, as shown by the record and upon which the plaintiff must base his judgment if he obtains one, declares against the defendants not as individuals but "as partners doing business under the style and firm name of Madison Tobacco Company." This declaration fixes the character of the action and forms the basis for the Court to render judgment. If a judgment is to be rendered on said declaration, it is indispensable that the defendants therein named as co-partners shall have been brought into Court or shall have voluntarily appeared in Court as defendants in the capacity in which they are sued.

But the summons "sued out" in this case and attempted to be served upon one partner in order to bind all as provided by Sec. 4248, Comp. Genl. Laws, must be held to be a summons against the defendants as individuals because the summons *ad respondendum* which was thus issued pursuant to the request of the plaintiff only commanded the Sheriff to summon the individuals therein named as individuals, although they were called partners by way of *descriptio personae*.

While service of process as provided in Sec. 4248, Comp. Gen. Laws, is valid against several persons composing a mercantile or other firm in cases where the service is only made on one member of said firm, it is essential that the process which is served on the single member shall have been "sued out" against the several persons alleged to compose the firm in their capacity *as* partners. But where it appears from the record that process of the character described by Sec. 4248 has neither been "sued out" nor served under conditions which render that Section applicable, those defendants named in the suit who have not been served and who have not voluntarily appeared

in the cause have the right to object to further proceedings in the cause which would result in the rendition of a judgment against them as partners in a partnership suit in which they have never been legally served with process and have never appeared.

Primarily, an objection of this kind must be made to the trial Court and when so made it is the duty of the Court to investigate the suggestion of lack of jurisdiction and determine from the record and other facts submitted whether or not the court has ever lawfully obtained jurisdiction over the parties against which the suit is brought, either by appropriate service of process or by their voluntary appearance.

Where, however, it appears that a proper suggestion of want of jurisdiction over the parties has been made to the Court below and such objection has been overruled and that thereafter notwithstanding such objection the Court below proceeds to retain and exercise jurisdiction on the basis of a record which affirmatively shows on its face that no jurisdiction to proceed exists, prohibition is an appropriate remedy to restrain further proceedings in a case where the Court has never acquired jurisdiction over the parties. (See Ex Parte State (Ala.), 43 So. 490) and the remedy by writ of error may not be a plain, speedy and adequate remedy for the petitioners. People v. District Court of Lake County, 46 L.R.A. 850.

While the record in this cause shows that an alias summons in proper form to bind the defendants as partners under Sec. 4248 has been "sued out" by the plaintiff to the extent of filing a praecipe therefor under Sec. 4229, the record does not show that such requested summons has ever been issued, executed or returned and consequently this showing in the record cannot affect the ruling to be made here.

The petition and attached transcript of record of the case in the Circuit Court show a good cause for the issuance of a writ of prohibition absolute to restrain further proceedings in the cause against an alleged partnership on the record before the Court as it stood on the date the rule *nisi* in this cause was granted, and consequently the demurrer of the relator to the return of the Circuit Judge and plaintiff to the rule *nisi* must be sustained.

It is so ordered.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

---

ON PETITION FOR RE-HEARING.

J. P. SPEIGHT, et al., vs. M. F. HORNE, Circuit Judge, and A. L. ROWE, et al.

---

## ORIGINAL PROHIBITION

---

J. P. SPEIGHT, et al., vs. M. F. HORNE, Circuit Judge, and ETHEL D. ROWE,

Division B.

PER CURIAM:—Section 5450 C.G.L., 3585 R.G.S. requires that "a transcript of the record of all the proceedings in the case, duly certified" shall accompany a suggestion for a writ of prohibition where the application for the writ is based on matters of record.

The suggestion in this case was accompanied by the transcript required by the statute and it was upon this transcript that the opinion and order of the court was based. If the transcript attached to the suggestion was not complete, it was the duty of the respondents to make

such fact appear by appropriate proceedings. The purpose of the statute in requiring a transcript of all the proceedings to be attached to the suggestion is that the right to a writ of prohibition absolute may be tested by the record in the cause which is sought to be prohibited.

There is nothing in what has been decided heretofore in this case to foreclose further proceedings between the parties if proper process is sued out and served as required by law.

The re-hearing is denied.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.

J. P. SPEIGHT and A. LIVINGSTON and F. L. CANTEY, individually and as co-partners doing business under the style and firm name of MADISON TOBACCO COMPANY, and J. P. SPEIGHT and F. L. CANTEY, co-partners doing business under the firm name and style of SPEIGHT & CANTEY, *Petitioners*, vs. M. F. HORNE, Judge of the Third Judicial Circuit of the State of Florida in and for Madison County, and ETHEL D. ROWE, *Respondents*.

En Banc.

Decision filed April 4, 1931.

*H. M Taylor* and *R. C. Horne*, for Petitioners;
*R. H. Rowe*, for Respondents.

DAVIS, J.—This case is a companion case to the case of J. P. Speight and A. Livingston and F. L. Cantey, individually and as copartners doing business under the style and firm name of Madison Tobacco Company, Petitioners, versus M. F. Horne, Judge of the Third Judicial Circuit of the State of Florida in and for Madison County, and A. L. Rowe,