STATE *ex rel.* WILLIAM R. COX v. HAL W. ADAMS, as Circuit Judge of the Third Judicial Circuit of Florida, in and for Lafayette County.

4 So. (2nd) 457

En Banc

Opinion Filed November 7, 1941

*John R. Parkhill,* for Relator;

*Hal W. Adams* in Proper Person, Respondent, and *Byron Butler* and *A. K. Black* for Respondent Mildred N. Cox.

BUFORD, J.—This cause is an original proceeding in prohibition and is now before us on motion for writ absolute, notwithstanding respondent's return.

The petition for alternative writ alleges:

"1. That at all times herein mentioned including the present time, relator was and is an actual and bona fide resident, citizen and taxpayer of Hillsborough County, Florida.

"2. That on to-wit, December 13, 1940, A. K. Black, as State Attorney of the Circuit Court of the Third Judicial Circuit of the State of Florida, filed a direct information against relator in the Circuit Court of Lafayette County, Florida, charging him with having committed perjury on August 3, 1938, in said county.

"The information thus showed on its face that the criminal prosecution sought to be maintained therein was barred by the Statute of Limitations of Florida applicable to criminal prosecutions."

"A certified copy of said information is attached hereto as exhibit 'A' and by reference made a part thereof."

"3. Relator was arrested on a capias based on said information in Tampa, Hillsborough County, Florida, on to-wit, December 16, 1940, and at such time gave

an appearance bond, the terms of which called for his appearance in said Circuit Court in Lafayette County, Florida, on January 3, 1941."

"Thereafter, on January 3, 1941, relator left Hillsborough County, Florida, of which he was a resident as aforesaid and travelled to Lafayette County, Florida, and appeared in said Court to plead to the said information."

"While in open court before the said HAL W. ADAMS as said Circuit Judge while pleading to said information relator was served by the Sheriff of Lafayette County, Florida, with a summons *ad respondendum* in an equity suit which had been instituted in said Circuit Court on to-wit January 2, 1941."

"Said suit was an action for separate maintenance brought by MILDRED N. COX against the relator, and is the same action or proceedings which is sought to be restrained herein."

"4. The said A. K. BLACK who, as State Attorney aforesaid, and who, as such State Attorney, filed said information against relator, was solicitor for the said MILDRED N. COX in said suit for separate maintenance and has been her solicitor ever since in said suit, notwithstanding that he had instituted a criminal prosecution against relator as heretofore shown.

"5. The said criminal prosecution against relator was dismissed by order of the said Circuit Judge after relator had been served with process as aforesaid, and relator was discharged from custody.

"6. Relator thereafter filed a special appearance to the bill of complaint filed in said separate maintenance suit and set forth therein the foregoing facts, and moved the Court therein to quash the service of

said process, on the ground that he was immune from the service of the process while in said open court as aforesaid.

"A hearing was held on said Special Appearance and on to-wit, August 30, 1941, said Circuit Court overruled and denied said Special Appearance and ordered relator to file an answer to said bill of complaint on or before September 22, 1941.

"7. Said Circuit Court has no jurisdiction over relator because as heretofore shown, he has never been legally and lawfully served with process because at the time process was served upon him he was immune from service of process until after he had returned to Hillsborough County, Florida, because under the common law and the Law of Florida, when a person leaves the county of his residence and goes into another county in attendance upon a court of the latter county, he is immune from the service of any kind of process, civil or criminal, while in court and until a reasonable time thereafter within which to return to the County of his residence.

"8. Unless said Circuit Court is prohibited from proceeding with said suit he will proceed to make orders therein prejudicial to relator and will order relator to pay alimony and solicitor's fees which he has no lawful right to do."

Rule *Nisi* issued and respondent answered not controverting the allegations of the petition but showing the status of the proceeding in which petitioner was served with process to appear, as is alleged in his petition, while he was absent from the county of his domicile, to-wit the County of Hillsborough, and while he was compelled under legal process (a warrant charging him with a criminal offense alleged to have

been committed in Lafayette County, Florida) to be present in attendance from the court having jurisdiction of such criminal charge in Lafayette County, Florida, and

"While in open court before the said HAL W. ADAMS as said Circuit Judge while pleading to said information, relator was served by the Sheriff of Lafayette County, Florida, with a summons *ad respondendum* in an equity suit which had been instituted in said Circuit Court on to-wit January 2, 1941."

It appears that petitioner filed Special Appearance moving to quash service of process which motion was denied.

We do not pass on the sufficiency of the motion to quash, nor do we review the order of the trial court thereon. The question before us is the sufficiency of the uncontroverted allegations of the petition to show lack of jurisdiction of the person of petitioner vested in the respondent to proceed with adjudication of the cause under the process so served on petitioner.

That prohibition is the proper remedy by which to test the court's jurisdiction over a party to a suit is recognized in Speight v. Horne, 101 Fla. 101, 133 Sou. 574; Neel v. Love, 110 Fla. 91, 148 Sou. 208.

So the only question for us now to determine is whether or not the Circuit Court of Lafayette County acquired jurisdiction of petitioner by the service of the process which is here challenged. This question appears to have been settled in this jurisdiction in the case of Rorick v. Chancey, 130 Fla. 442, 178 Sou. 112, wherein we said:

"It is contended here that H. C. Rorick was in Florida upon request of counsel in connection with pending litigation in the courts. It is admitted that

he is a non resident. He was served with process by the Sheriff or other officer while in the office of his attorney while consulting on legal business and under these circumstances he was immune from the services or process. It appears to be established that witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes. See 50 C.J. Par. 227, page 548."

The text found to this effect in 50 C.J. par. 227, page 548, is supported by a great number of authorities there cited. See also Palmer v. Rowan, 21 Neb. 452, 32 N. W. 210, 50 Am. Rep. 844, and note 18 Ann. Cas. 129.

The case of Palmer v. Rowan, *supra,* is on all-fours with the case at bar, except in that case the defendants were served after trial and acquittal and discharge but before they had reasonable time to depart the county, while here the defendant was served while attending court under a criminal charge and before being discharged from the criminal prosecution.

The writ of prohibition absolute is awarded but is limited to prohibiting the court proceeding in the cause under the process served which is here challenged.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL, CHAPMAN, THOMAS and ADAMS, J. J., concur.