KANNER, Chief Judge.
The appeal is from a writ of prohibition. Primarily, the writ issued by the circuit judge inhibited the county judge and sheriff of Highlands County from further action in the matter of the inquisition of incompetency of Dr. Theodore W. Weeks, appellee. The basis of the issuance of the writ by the circuit court was principally that process had not been properly made on the alleged incompetent and that he did not reside in Highlands County at the time of the bringing of the incompetency proceeding.
The institution of the incompetency action was by the wife of the appellee. At *867 the time the proceeding was brought, the appellee was living in Glades County at Moore Haven with his brother. Notice of Hearing and of the action was sent by registered mail to the appellee addressed to him in care of his brother at Moore Haven. This notice was returned to the sender unclaimed. The petition was filed on April 7, 1958, and the notice was issued by the county judge on the same date.
In the prohibition proceeding the underlying question was whether the county judge’s court had acquired jurisdiction over the person of appellee, the alleged incompetent, and of the subject matter, in order to determine the mental competency or incompetency of the appellee. Predicated on this, two propositions have evolved (1) whether process had been properly issued and served, and (2) whether, at the time of the bringing of the inquisition proceeding, the alleged incompetent resided in the County of Highands. This is borne out by the points framed by the appellants and their conclusion contained in their brief. The conclusion reads:
“Appellants submit that the law is well established by the foregoing authorities that Judge Rehrer, as County Judge of Highlands County, Florida, has jurisdiction of Appellee and of the subject-matter; that is, jurisdiction to determine the mental competency of Appellee; that any question as to whether Judge Rehrer has jurisdiction of Appellee and the subject-matter must be passed upon by the said Judge; that any error alleged to have been committed by the said Judge in the proceedings must be reviewed by appeal; that Prohibition will not lie to prevent erroneous exercise of jurisdiction which is, by law, vested in the said County Judge; and that the Writ of Prohibition heretofore entered in this cause by the trial court should be quashed and set aside.”
The points thus made are recognized and argued by the appellee. We deem it essential only to direct our scrutiny to the question of whether jurisdiction had been acquired over the person of appellee. No analysis will here be made of the legal connotation of the word, “resides”, as employed in section 394.22, Florida Statutes, F.S.A.; nor shall we consider the question of whether appellee’s residence was in Highlands or Glades County, nor any of the other points raised. Neither shall we further elaborate on any of the facts, except to state those that are necessary to be examined as they concerned jurisdiction over the person of the alleged incompetent.
Appellants urge that the question as to whether the county judge’s court had jurisdiction of the appellee and the subject matter must be passed upon by the judge and that prohibition will not lie to prevent erroneous exercise of jurisdiction vested in a county judge, but that any error committed by him must be reviewed by appeal. This principle is not applicable to the instant question. It appears affirmatively on the record that there is no dispute as to the jurisdictional facts. Thus, where the jurisdiction becomes a question of law, a court cannot by an erroneous decision acquire jurisdiction which it does not have. State ex rel. B. F. Goodrich Co. v. Trammell, 1939, 140 Fla. 500, 192 So. 175. Basically, prohibition is an appropriate remedy to test a court’s jurisdiction over a party to a suit and to restrain proceedings in a suit where jurisdiction has never been acquired over the parties through service of process or by voluntary appearence or waiver. See Speight v. Horne, 1931, 101 Fla. 101, 133 So. 574; Speight v. Horne, 1931, 101 Fla. 108, 135 So. 528; State ex rel. Neel v. Love, 1933, 110 Fla. 91, 148 So. 208; and State ex rel. Cox v. Adams, 1941, 148 Fla. 426, 4 So.2d 457.
The procedure in Florida to adjudicate a person mentally or physically incompetent is prescribed and controlled by statute. See section 394.22, F.S.A. Upon the filing *868 of a petition for inquisition into the mental or physical condition of one alleged to he incompetent, the county judge, or in his absence or disability, the circuit judge, shall set a date for . an immediate or a very early hearing on the petition. Reasonable notice of the hearing shall then be given in writing to the alleged incompetent and to one or more members of his family, if any other than the petitioner are known to the county judge to be residing within his jurisdiction. The notice is required to make known to them that application has been made for an inquiry into either the mental or the physical condition, or both, of the alleged incompetent, and that a hearing on such application will be held before the judge having jurisdiction at the time and place specified in the notice. Section 394.22(4), F.S.A.
The notice of hearing, the service of notice or process, in any trial or proceeding for determination of competency or incompetency status in an inquisition action, shall be governed by the rules pertaining to such matters in the general guardianship law, except as otherwise specified in section 394.22. Section 394.22(8), F.S.A.
The method of service in guardianship proceedings is that the service may be made within the state in the manner prescribed by law for the service of any summons by any official of the state, or service may be made by any person by delivery of a true copy of a notice or citation to the person to be served. When service is made by a person other than an officer, the return of service shall be by affidavit. Notice or citation may be served outside the state by any official authorized to execute service in the state, territory, or country where the person to be served resides or can be found; or such service may be performed by any person, provided that, if service is made by a person other than an officer, the return shall be made by affidavit. Service upon an incompetent is made by serving the notice or citation upon such incompetent and also on the person in whose care or custody the incompetent may be. Section 744.29(4), F. S.A.
The notice which was mailed by the county judge’s court for the purpose of acquiring jurisdiction over the person of the alleged incompetent was as follows:
“Notice to Alleged Incompetent
“To Dr. Theodore W. Weeks, the alleged incompetent, and Anna J. Weeks, Marian Anne Weeks, Teddy H. Weeks, Billy Weeks and Roger M. Weeks, Moorehaven, Fla., members of his family.
“Whereas, a petition has been filed before me, under the provisions of Chapter 394, Florida Statutes, as amended by Chapter 23157, Laws of 1945 and as amended by Chapter 57-317 Laws [1957] alleging that you Dr. Theodore W. Weeks are thought to be incompetent because of the following disabilities: mental derangement and requesting that an inquiry be made by this court as to your mental or physical condition or both.
“Time and Place to Be Determined by the Doctors
“This is, therefore, to notify you that on the - day of -, 19 — , at —M., at my office in the courthouse in Sebring, Florida, a hearing on such application will be had by and before me, and you Dr. Theodore W. Weeks may be heard, either in person or by counsel.
“Given under my hand and official seal at Sebring, Florida April 7th, 1958.
(Official Seal)
“s/ iMervin Rehrer
“County Judge”
Of consistent import is the weighty cumulation of authority asserting that a proceeding to determine the issue of a *869 person’s mental competency or incompetency requires notice to the alleged incompetent; and the requisites of process and of the service of process must be complied with. Process must specify a time and place for the alleged incompetent to appear and defend himself against the inquisition proceeding. See 44 C.J.S. Insane Persons § lOd, p. 61, § 18a, p. 72, § 18d, p. 74, § 18f, p. 75; 28 Am.Jur., Insane and Other Incompetent Persons, section 14, p. 664, section 32, p. 676; Annotation, 23 A.L.R. 594; 42 Am.Jur., Process, section 14, p. 15, section 23, p. 24.
In adjudicating whether the prerequisites of due process have been fulfilled in an incompetency proceeding, as it concerns a person whose mental or physical condition is in question, it must be recognized that such is a proceeding in personam which requires due notice and an opportunity to be heard to the subject of the inquisition. Fiehe v. R. E. Householder Co., 1929, 98 Fla. 627, 125 So. 2; and 44 C.J.S. Insane Persons § 8, p. 55.
The record reveals, and it is conceded, that there was no service of the notice on the alleged incompetent. There was no effort made to have the notice served by an appropriate officer nor by any method authorized by statute. On the contrary, there was the ineffectual attempt to notify the alleged incompetent by registered mail, a procedure not contemplated by statute. The appellants’ position is that the statutory requirements have been overcome because the alleged incompetent and his attorney were aware of the institution of the inquisition proceeding. Mere knowledge that an incompetency proceeding has been brought creates no substitute for service of process and confers no jurisdiction to adjudge whether a person is mentally incompetent without a voluntary appearance or waiver. Here neither the appellee nor his attorney voluntarily appeared in person nor by pleading, nor was there any act on their part that submitted appellee to the jurisdiction of the county judge’s court. See 42 Am. Jur., Process, section 4, p. 8; 3 Am.Jur., Appearances, sections 5 and 6, p. 784.
In addition, notice which was issued was materially deficient. Section 394.22(4), Florida Statutes, F.S.A., provides that the judge shall set a date for hearing on the petition and that the notice of the hearing before the judge shall specify the time and place. The notice about which we are concerned is silent as to the time and is conflicting as to place because the notice specified “Time and Place to Be Determined by the Doctors”; yet later in the notice it is stated that the place of hearing would be in the county judge’s office in the court house in Sebring, Florida. Attempting to vest the authority in the doctors to determine time and place of the hearing can only be deemed an abdication by the court of its duties and an abrogation of the protective function of the notice.
Appellee is a medical doctor employed by the state. He is presumptively sane, and process designed to determine his mental competency should fulfill the essential statutory requirements. Adjudication of mental incapacity leaves an individual bereft and shorn of certain personal rights which give him identity and make him an entity in his own right. The public is interested in a proceeding of this nature; and this court makes these observations, not to indicate any opinion as to the mental competency or incompetency of appellee, but to lay stress upon his right to due process of law in such a significant and consequential action as an incompetency inquisition.
As stated by the appellants, the question is whether the county judge had jurisdiction to determine the mental competency of appellee. Jurisdiction has not been obtained over the person of appellee due to failure of proper process and service as prescribed by law. Consequently, the writ of prohibition must be affirmed on the proposition that we have enunciated. However, there is nothing in what we have *870 here said to preclude the institution of another appropriate proceeding. Grissom v. State ex rel. Stephenson, Fla.App.1958, 104 So.2d 55; and Speight v. Horne, 1931, 101 Fla. 108, 135 So. 528. If a further proceeding is brought, it must be clearly understood that what has been said in this opinion does not in any manner affect the right of appellee to raise any question that he may deem advisable, including all matters or questions raised but not decided on this appeal.
Affirmed.
ALLEN, J., and DICKINSON, JOHN, Associate Judge, concur.