RAWLS, Chief Judge
(dissents).
The Swains petitioned the trial court to discharge the guardian and set aside the order adjudicating them incompetent. The record reveals that the county judge’s court never acquired jurisdiction over the persons of the Swains so the relief sought should have been granted.
The inquisition proceeding against an alleged incompetent is a proceeding in per-sonam which requires due notice and an opportunity to be heard. The prerequisites are set forth in Section 394.22, Florida Statutes, F.S.A., specifying that the alleged incompetent shall be given reasonable notice in writing of the time and place of the hearing and an opportunity to be represented by counsel. Compliance with this statute is essential to the obtaining of jurisdiction over the alleged incompetent. In the absence of proper process, voluntary appearance, and waiver, no jurisdiction is obtained to adjudge competency or incompetency; even actual knowledge that the proceedings have been brought creates no substitute for service of process.[1]
The majority opinion seemingly held that due process was not afforded the Appellants because service of notice occurred on the same date as that scheduled for the hearing. I agree. Such a notice is contrary to the statute since it is not “reasonable notice” and does not afford the alleged incompetent an opportunity to be represented by counsel.
Here the Swains received notice on July 29, 1964 that the inquisition hearing would be (or had been) held at 3:00 p. m. on July 29, 1964. However, the report of the examining committee was not submitted until August 3, 1964, and hearing was subsequently held on August 10, 1964. The record reflects neither a notice to the Appellants for this inquisition hearing, a voluntary appearance of the Appellants nor a waiver of proper process. Since there was a failure of process and service as prescribed by law, the County Judge’s Court failed to acquire jurisdiction over the Appellants.
The record also discloses that certain legal proceedings have been instituted by the guardian for the protection of the Appellant’s property. There is no showing or *738 claim of dissipation of any of their assets. Although the Appellant’s petition states that the inquisition proceedings are void, they have not prayed that the same be declared void ab initio but only that the guardian be discharged, orders relating to guardianship be vacated, and the order of incompetency be set aside.
I would reverse and remand with directions to grant the relief prayed, and any order entered thereon should, of course, be without prejudice to the institution of another appropriate proceeding.
I dissent.

. Rehrer v. Weeks, 106 So.2d 865 (Fla.App.2d, 1958).