397 So.2d 1043 (1981)
Chris COLUMBO, Petitioner,
v.
Ronald A. LEGENDRE, Temporary Circuit Judge, Ninth Judicial Circuit; and Florida State Department of Health and Rehabilitative Services, Respondents.
No. 81-485.
District Court of Appeal of Florida, Fifth District.
May 13, 1981.
Norman J. Smith of Brinson, Smith & Heller, P.A., Kissimmee, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for respondent Legendre.
Samuel Patterson Stafford, Asst. Dist. Counsel, Orlando, for respondent Dept. of Health and Rehabilitative Services.
COBB, Judge.
The petitioner for prohibition, Chris Columbo, is the principal of Denn John Middle School from which M.L.C., a fourteen-year-old minor, was suspended for ten days on April 14, 1981. The preceding day, in a juvenile dependency proceeding held under Chapter 39, the respondent Ronald A. Legendre, as "temporary" circuit judge, had adjudicated the minor to be dependent, placed him in the temporary custody of the Florida State Department of Health and Rehabilitative Services (H.R.S.), and included the following directive in the judgment:
Said child shall attend school starting April 14, 1981, with no unexcused absences. DENN JOHN MIDDLE SCHOOL IS ORDERED TO ACCEPT THE SAID CHILD.
Neither Columbo nor the Osceola County School Board was a party to the dependency proceeding, nor was either notified of it prior to April 14, 1981. On that day, Columbo was requested by H.R.S. to admit M.L.C. to the school based on the above order. On that same day, however, a tenday school suspension order became effective against M.L.C.; therefore, Columbo refused the minor admission to school. Thereupon, H.R.S., the custodian of the child at that point, undertook to enforce the court's order against the school. The respondents herein, however, do not challenge *1044 the procedural validity of the school suspension order.
Immediately upon Columbo's refusal of admission, he was served with a motion by the state attorney, acting on behalf of H.R.S., seeking to have him held in contempt for violating the terms of the court order.
Columbo seeks prohibition, arguing that the sole and exclusive authority to operate the public schools has been granted to the district school board by the Legislature and the Constitution of Florida. Art. IX, Sec. 4, Fla. Const.; §§ 230.01, 230.03, 230.22(1) and (2), 230.23(6)(c) and (d), and 230.35, Fla. Stat. (1979). He contends that the court order of April 13, insofar as it was directed to the school, was void for lack of jurisdiction "in that the court has no authority to set aside, overrule, or otherwise interfere with a public school suspension except when the issue of the validity of that suspension has been raised and adjudicated." See Canney v. Board of Public Instruction of Alachua County, 231 So.2d 34 (Fla. 1st DCA 1970); and State ex rel. Dept. of Health & Rehabilitative Services v. Sepe, 291 So.2d 108 (Fla.3d DCA 1974).
The respondents argue, inter alia, that the petitioner has an adequate remedy at law by direct appeal at such time as he may be actually adjudicated in contempt, which has not yet occurred. We do not agree. Here, the petitioner is threatened with contempt for failure to comply with a patently void order entered by the trial court without any vestige of jurisdiction. See State ex rel. Wainwright v. Booth, 291 So.2d 74 (Fla.3d DCA 1974), cert. denied, 300 So.2d 257 (Fla. 1974); Walters v. Blanton, 126 Fla. 428, 171 So. 230 (1936). Neither Columbo nor the school board had notice or opportunity to be heard. See State ex rel. O'Dare v. Kehoe, 189 So.2d 268 (Fla.3d DCA 1966), cert. denied, 200 So.2d 812 (Fla. 1967). We agree with the position asserted by the petitioner, although we do not find section 57.105, Florida Statutes (1979), regarding assessment of attorney fees to be applicable to this cause.
Accordingly, the writ of prohibition is granted and the respondents, Ronald A. LeGendre, as Temporary Circuit Judge, Ninth Judicial Circuit, and the Florida State Department of Health and Rehabilitative Services, are hereby directed to refrain from any further attempt to enforce the provision of the court judgment of April 13, 1981, quoted above, against the petitioner, Chris Columbo.
GRANTED.
DAUKSCH, C.J., and SHARP, concur.