SHAW, Judge.
Appellant tax collector sued the appellee taxpayer for 1975-1979 taxes owed on Oka-loosa County lots owned by the appellee. Service of process was effected while the appellee was in the courthouse in Okaloosa County, Florida, for an unrelated civil suit. Appellee filed a motion to abate for lack of personal jurisdiction, alleging that his permanent residence and principal place of business was in the Bahamas, but that he had a temporary residence in Miami Beach where his wife and children reside. The trial judge granted the motion to abate on the authority of State ex rel. Cox v. Adams, 148 Fla. 426, 4 So.2d 457 (1941).
Process in civil actions is governed by section 48.011, Florida Statutes (1981), which facially indicates that service of process runs throughout the State of Florida.[1] Adams, on the other hand, says that a person in attendance in court outside the territorial jurisdiction of the county of his residence is immune from service of process while in court and for a reasonable period of time following the court appearance in order to return to his home county. We cannot find that the Supreme Court has receded from Adams, so we assume it is still good law, interpreted correctly by the trial judge in this case. We accordingly affirm. We find difficulty, however, in reconciling Adams with the statute, particularly where, as here, there is no suggestion that the tax collector acted in bad faith by luring or compelling Bell to enter Okaloosa County for service of process. We therefore certify the following question to the Supreme Court as being of great public importance:[2]
SINCE SERVICE OF PROCESS ON A FLORIDA RESIDENT NORMALLY MAY BE EFFECTED STATEWIDE, IS THERE AN UNDERLYING POLICY REASON TO EXEMPT FLORIDA RESIDENTS FROM SERVICE WHEN ATTENDING COURT OUTSIDE THEIR COUNTY OF RESIDENCE IN THE SAME MANNER AS NONRESIDENTS OF THE STATE ARE EXEMPTED WHEN ATTENDING COURT WITHIN THE STATE?
JOANOS and WIGGINTON, JJ., concur.

. 48.011 Process; how directed. — Summons, subpoenas and other process in civil actions run throughout the state. All process except subpoenas shall be directed to all and singular the sheriffs of the state.

. See Art. V, § 3(b)(4), Fla. Const.; Fla.R.App.P. 9.030(a)(2)(A)(v).