PER CURIAM.
Petitioner seeks to prevent enforcement of a final judgment against him on the grounds that the trial court lacked jurisdiction to enter a judgment against him because he was not a party to the proceeding below, was not named in any of the pleadings as a party, and did not voluntarily appear as a party. Further, petitioner points out that any proceeding brought against him would have been automatically stayed pursuant to 11 U.S.C. § 362 because he had filed a petition in bankruptcy.
Respondents argue that the trial court had jurisdiction to enter final judgment against R.C. Dix Enterprises, Inc.; that the complaint sought no judgment against R.C. Dix personally; that R.C. Dix was not a necessary party; and that the action was an in rem action. Further, respondent contends that the stay provisions of section 362 apply only to actions against the debtor or property of the estate and in this action no judgment was sought against the debtor, R.C. Dix.
Since both petitioner and respondents agree that R.C. Dix was not a party to the proceedings in the trial court and that no judgment could be entered against him personally, the only question before this court is whether a judgment has, in fact, been entered against him.
The final judgment entered in R.C. Dix Enterprises, Inc. v. William Birchfield and Samuel Seymour Weinstein, Case No. 81-5803-CA, contains 25 paragraphs of findings numbered A through Y followed by the statement “IN CONSIDERATION THEREOF, IT IS ADJUDGED:” followed by nine numbered paragraphs. In the original final judgment entered on June 1,1982, the first numbered paragraph after “IT IS ADJUDGED” read:
1. Plaintiff, R.C. Dix Enterprises, Inc., is indebted to Intervenor, Samuel Seymour Weinstein, in the amount of $25,-000.00, together with the interest thereon at 6% from October 31, 1980, the costs of this action and a reasonable fee for his attorneys.
On June 10, 1982, the trial court entered an order amending, inter alia, paragraph one of the final judgment so that it now reads:
1. R.C. Dix is indebted to Intervenor, Samuel Seymour Weinstein, in the amount of $25,000.00, together with interest thereon at 6% from October 31, 1980, the costs of this action and a reasonable fee for his attorneys.
Respondents state that the references in paragraph 1 of the final judgment as amended merely recites the facts allowing foreclosure of the stock which secured the debt. However, petitioner contends that the adjudication is a final judgment entered against him personally, that appears valid on its face and that it could, therefore, be enforced against him at any time. We agree with petitioner.
Prohibition is an appropriate remedy to prevent enforcement of a judgment that is void for lack of jurisdiction. See Colombo v. Legendre, 397 So.2d 1043 (Fla. 5th DCA 1981); Rehrer v. Weeks, 106 So.2d 865 (Fla. 2d DCA 1958); cf. State ex rel. Pearson v. Johnson, 334 So.2d 54 (Fla. 4th DCA 1976). Under the circumstances of this case, the petition for writ of prohibition is granted to prevent enforcement of the final judgment against R.C. Dix; however, this shall not be construed to affect any other action that may be properly taken in accordance with the final judgment.
IT IS SO ORDERED.
JOANOS and WIGGINTON, JJ., and SHAW, Associate Judge, concur.