441 So.2d 146 (1983)
Joseph G. STOKES, Petitioner,
v.
Lloyd BELL, Respondent.
No. 63132.
Supreme Court of Florida.
November 17, 1983.
Dale E. Rice, Crestview, for petitioner.
Lloyd Bell, in pro. per.
McDONALD, Justice.
The following question has been certified as being of great public importance:
SINCE SERVICE OF PROCESS ON A FLORIDA RESIDENT NORMALLY MAY BE EFFECTED STATEWIDE, IS THERE AN UNDERLYING POLICY REASON TO EXEMPT FLORIDA RESIDENTS FROM SERVICE WHEN ATTENDING COURT OUTSIDE THEIR COUNTY OF RESIDENCE IN THE SAME MANNER AS NONRESIDENTS OF THE STATE ARE EXEMPTED WHEN ATTENDING COURT WITHIN THE STATE?
Stokes v. Bell, 424 So.2d 949, 950 (Fla. 1st DCA 1983). We have jurisdiction pursuant to article V, section 3(b)(4), Florida Constitution, and we answer the question in the affirmative.
Stokes, the tax collector for Okaloosa County, sued Bell for nonpayment of real estate taxes. Service of process occurred while Bell was in the Okaloosa County Courthouse defending himself in an unrelated civil action. Bell filed a motion to abate for lack of personal jurisdiction, alleging his permanent residence and principal place of business to be in the Bahamas and that his wife and children reside at his temporary residence in Miami Shores, Florida.
The trial court, relying on State ex rel. Cox v. Adams, 148 Fla. 426, 4 So.2d 457 (1941), granted the motion to abate. The district court stated that it could not reconcile Adams with section 48.011, Florida Statutes (1981), which provides that service of process runs throughout the state. The court could not find that Adams had been receded from, however, so it affirmed the trial court's judgment and certified the question set out above.
As a general rule, "witnesses and suitors in attendance in court outside of the territorial jurisdiction of their residence are immune from service of process while attending court and for a reasonable time before and after going to court and in returning to their homes." Rorick v. Chancey, 130 Fla. 442, 453, 178 So. 112, 116 (1937), vacated on other grounds on rehearing, 142 Fla. 298, 195 So. 422 (1939). Rorick concerns a nonresident of Florida, but in Adams this Court *147 extended immunity from service of civil process to Florida residents. In Adams a resident of Hillsborough County, Cox, had been charged with contempt in Lafayette County. While in court to plead to the information, the sheriff served Cox with a summons in an unrelated civil case. This Court cited Rorick and issued a writ of prohibition against proceeding in the civil case.
We find that valid policy reasons supported adoption of this rule and that those reasons are still valid. One reason for granting witnesses and suitors immunity from service of civil process is the due administration of justice:
As commonly stated and applied, it [the rule] proceeds upon the ground that the due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation.
Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720 (1932). In Lamb the Court went on to rely on Parker v. Hotchkiss, 18 F.Cas. 1137, 1138 (C.C.E.D.Pa. 1849) (No. 10,739):
The privilege which is asserted here is the privilege of the court, rather than of the defendant. It is founded in the necessities of the judicial administration, which would be often embarrassed, and sometimes interrupted, if the suitor might be vexed with process while attending upon the court for the protection of his rights, or the witness while attending to testify. Witnesses would be chary of coming within our jurisdiction, and would be exposed to dangerous influences, if they might be punished with a lawsuit for displeasing parties by their testimony; and even parties in interest, whether on the record or not, might be deterred from the rightfully fearless assertion of a claim or the rightfully fearless assertion of a defense [sic], if they were liable to be visited on the instant with writs from the defeated party.
Parker points up another reason for the rule's existence, i.e., the fear that lack of immunity would have a chilling effect on a person's right of access to the courts and to defend himself. Even earlier than Parker, the New Jersey Supreme Court stated the same reasons for adhering to the rule of immunity from service of civil process:
This privilege of parties and witnesses, is alike the privilege of the court and the citizen. It protects the court from interruption and delay. It takes away a strong inducement to disobey its process: [sic] and enables the citizen to prosecute his rights without molestation, and procure the attendance of such as are necessary for their defense [sic] and support.
Halsey v. Stewart, 4 N.J.L. 420, 422 (1817).
These policy reasons  the due administration of justice and avoiding a chilling effect  are as valid today as when the Court wrote Rorick and Adams. Stokes attempts to distinguish Adams because that is a criminal case while the instant case is civil. We see no reason for such distinction, however, and hold that policy reasons do exist for exempting Florida residents from service of civil process while they are attending, or traveling to or from, court proceedings outside the county of their residence as witnesses or suitors.[*] The district court's question is answered in the affirmative, and its opinion is approved.
It is so ordered.
ADKINS and OVERTON, JJ., and BEN C. WILLIS, Associate Justice, concur.
ALDERMAN, C.J., dissents with an opinion, in which BOYD and EHRLICH, JJ., concur.
ALDERMAN, Chief Justice, dissenting.
In response to the certified question, I would hold that service of process may be *148 effected statewide on a Florida resident, and there is no valid underlying policy reason to exempt Florida residents from service when attending court outside of their county of residence but within the state. Section 48.011, Florida Statutes (1981), specifically and unambiguously provides that service of process runs throughout the state.
The general rule, cited by the majority, that witnesses and suitors in attendance in court outside the territorial jurisdiction of their residence are immune from service of process while attending court, should apply only to nonresidents of this state and not to residents traveling from county to county within the state. For the purposes of service of process, the territorial jurisdiction of the residence of a person residing in Florida is the boundaries of this state and not the boundaries of that person's county of residence. Section 48.011 provides that summons, subpoenas, and other process in civil actions run throughout the state. There is no statutory limitation that restricts the service of process on Florida residents anywhere within the state.
In State ex rel. Ivey v. Circuit Court of Eleventh Judicial Circuit, 51 So.2d 792 (Fla. 1951), this Court recognized this general rule as applying to nonresidents. Citing Rorick v. Chancey, 130 Fla. 442, 178 So. 112 (1937), vacated on other grounds on rehearing, 142 Fla. 298, 195 So. 422 (1939), we stated that this privilege of immunity came down to us from the common law. This privilege as discussed in Rorick applied to nonresidents of the State of Florida. Again in Lienard v. DeWitt, 153 So.2d 302 (Fla. 1963), we restated the principle recited in Rorick and referred to the general rule as the "non-resident witness immunity rule." 153 So.2d at 303. We found the immunity rule controlling where the party sought to be served was a nonresident of the State of Florida.
The trial court in the present case relies on State ex rel. Cox v. Adams, a 1941 case of this Court which unexplainedly expanded the principle of the "non-resident witness immunity rule" to include other than non-residents of the state. The First District could not reconcile Adams with section 48.011 but felt that it was bound to follow Adams as the precedent of this Court.
When this Court in Adams relied entirely on Rorick in holding that the "non-resident witness immunity rule" applied to Florida residents, its reliance was misplaced because the rule in Rorick was limited to nonresidents. Adams is an aberration and should be corrected. Before and after Adams, "outside the territorial jurisdiction of residence" has meant outside the State of Florida. To hold otherwise is to rewrite section 48.011.
It is only reasonable and entirely consistent with the unambiguous language of section 48.011 that a resident of this state be subject to service of process anywhere in this state. It matters not that he is outside the county of his residence when he is served.
Accordingly, I would quash the decision of the District Court of Appeal, First District.
BOYD and EHRLICH, JJ., concur.
NOTES
[*] An exception to this rule exists when process is issued in litigation incidental to or correlated with the subject matter of the case at bar, i.e., there is identity of parties and of subject matter. State ex rel. Ivey v. Circuit Court of Eleventh Judicial Circuit, 51 So.2d 792 (Fla. 1951); Murphy & Jordan, Inc. v. Insurance Co. of N. Am., 278 So.2d 296 (Fla. 3d DCA 1973).