546 So.2d 777 (1989)
Franco FRANCINI and Claudio Menicocci, Appellants,
v.
INTERNATIONAL MARBLE TRADES, INC., et al. Appellees.
No. 89-391.
District Court of Appeal of Florida, Third District.
July 18, 1989.
Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellants.
Michael H. Lubin, Miami, for appellees.
Before NESBITT, FERGUSON and LEVY, JJ.
FERGUSON, Judge.
International Marble Trades (IMT) was sued by a marble supplier, Graniti, for failure to pay for supplies. Quarra, an IMT stockholder, filed a derivative action against Francini and Menicocci, officers, *778 directors, and majority shareholders in IMT, alleging, inter alia, that they negligently failed to settle the suit with Graniti and that they misappropriated the goods supplied by Graniti. Quarra did not name IMT as a defendant in the derivative action.
While in Miami voluntarily attending a deposition as a witness in the case filed by Graniti, Francini, a resident of London, was served a complaint in the case filed by the stockholder Quarra. The court denied Francini's motion to dismiss for lack of personal jurisdiction. Also denied was Menicocci's motion to dismiss, alleging as grounds, that the corporation was an indispensable party. The court did, however, grant the plaintiff's request to realign the parties. Although IMT was subsequently served by delivery to its registered agent, the complaint was never amended to name the corporation as a defendant.
In support of the lack of jurisdiction claim the appellants rely on the general rule that nonresident witnesses, who voluntarily enter the state to testify in pending litigation, are immune from service of process for a reasonable time before and after testifying. Stokes v. Bell, 441 So.2d 146 (Fla. 1983); Higgins v. Garcia, 522 So.2d 95 (Fla. 3d DCA 1988); Pomerantz v. Hollowell, 502 So.2d 1314 (Fla. 3d DCA 1987). Nevertheless, there is a recognized exception to the nonresident witness immunity rule where the process is issued in litigation incidental to or correlated with the subject matter of the proceeding which the witness was attending when served. State ex rel. Ivey v. Circuit Court of Eleventh Judicial Circuit, 51 So.2d 792 (Fla. 1951); see generally 71 C.J.S. Process § 27 at 611 (1987).
The trial judge was correct in his implicit finding that this action was incidental to or correlated with the pending action against the corporation. But subsequent Florida case law has limited the nonresident witness immunity rule exception to instances where the two actions possess an identity of parties and issues. Stokes, 441 So.2d at 147 n. 1 (exception to rule exists "when process is issued in litigation incidental to or correlated with the subject matter of the case at bar, i.e., there is identity of parties and of subject matter"); Lienard v. DeWitt, 153 So.2d 302 (Fla. 1963) (exception exists where there is identity of parties and issues); Munsell v. Bludworth, 474 So.2d 1286 (Fla. 4th DCA 1985) (exception strictly limited to instances in which there is an identity of parties and issues); Cordoba v. Cordoba, 393 So.2d 589, 591 (Fla. 4th DCA 1981) (lack of identity, alone, sufficient to refute contention that exception to immunity rules applies). In this case, Francini entered the jurisdiction to voluntarily testify in a case in which he was not a party. He was then served with process in a separate lawsuit naming him as a defendant. There is, therefore, no identity of parties in these suits. The immunity rule is based on the following principle:
[T]he due administration of justice requires that a court shall not permit interference with the progress of a cause pending before it, by the service of process in other suits, which would prevent, or the fear of which might tend to discourage, the voluntary attendance of those whose presence is necessary or convenient to the judicial administration in the pending litigation.
Lamb v. Schmitt, 285 U.S. 222, 225, 52 S.Ct. 317, 318, 76 L.Ed. 720, 722 (1932). In this case, service of process on the nonresident witness with a complaint naming him as a defendant in a different cause of action was invalidated by the immunity rule.
Furthermore, there was no identity of subject matter. The first case was filed by a materials supplier for the purpose of collecting a debt; the second case was an action by a stockholder to hold Francini and Menicocci accountable for violating the business judgment rule. On these facts, the court should have recognized Francini's immunity from service of process. See generally Annotation, Immunity From Service of Process as Affected by Relationship Between Subject Matters of Litigation in Which Process was Issued, and Litigation Which Nonresident Served was *779 Attending, 84 A.L.R.2d 421 (1962).[1]
Addressing the appellants' second point, a corporation is "an essential, indispensable party in a derivative action, and the failure to make the corporation a party is not a mere defect of parties but leaves the stockholders without a cause of action and the court without jurisdiction." (emphasis omitted). Alario v. Miller, 354 So.2d 925, 927 (Fla. 2d DCA 1978) (quoting 13 W. Fletcher, Cyclopedia of the Law of Private Corporations § 5997 (rev. ed 1970)); Daniels v. Vann, 396 So.2d 723 (Fla. 4th DCA 1981). See also Liddy v. Urbanek, 707 F.2d 1222 (11th Cir.1983) (if complaint alleges that dominant officials are guilty of malfeasance, antagonism is evident and corporation should be named as a defendant). Although the court granted appellants' motion to realign the parties, see H. Trawick, Trawick's Florida Practice and Procedure § 4-10 at 40 (1987 ed.) (leave to amend contained in any court order authorizes adding parties in the amended pleading), the complaint was never amended to add the corporation as a defendant  frustrating the ability of the appellants to defend. On remand the appellee, Quarra, should be ordered to amend the complaint to name the corporation as a party defendant, and to plead the commissions or omissions of the corporation giving rise to the cause of action.
Reversed and remanded with instructions to quash the service of process as to the defendant Francini and to permit amendment of the complaint to name the corporation as a defendant.
NOTES
[1] There was no expressed requirement in the 1951 State ex rel. Ivey case, discussed at length in the treatise, for an identity of parties and subject matter in order to apply the exception to the immunity rule. Lienard v. DeWitt, 153 So.2d 302 (Fla. 1963), where the identity of parties and subject matter language first appeared, must be construed as having significantly narrowed the exception to the immunity rule as broadly stated in Ivey even though the Lienard court purported only to follow Ivey. In fact, Lienard's requirement for an identity of parties and subject matter is incongruous with the language of the Ivey court that immunity is not available "where the process was issued in litigation incidental to or correlated with the subject matter of the [other] proceeding." The two identities, as the concepts are applied in the res judicata cases, are rather rigid. See City of Anna Maria v. Miller, 91 So.2d 333 (Fla. 1956); In re Constructors of Fla., Inc., 349 F.2d 595 (5th Cir.1965), cert. denied sub nom., Coral Gables First Nat'l Bank v. American Sur. Co., 383 U.S. 912, 86 S.Ct. 886, 15 L.Ed.2d 667 (1966).

Litigation "incidental to or correlated with" describes, in ordinary parlance, a legal proceeding that occurs as a fortuitous or minor concomitant event of another proceeding, American Heritage Dictionary 665 (New Coll. ed. 1980), or a proceeding with a casual, complementary, parallel, or reciprocal relationship to another proceeding. Id. at 299. An identity of the subject matter means, quite differently, that the thing in dispute or the cause of action is the same. Black's Law Dictionary 1278 (5th ed. 1979). Identity of parties means, likewise, that the parties in both proceedings are the same. It follows from the identical parties requirement that there can be no exception to the immunity rule for a witness unless the parties are exactly the same in both actions.