PER CURIAM.
The Circuit Court for Leon County issued a partial summary judgment which enjoined the county from issuing building permits in the Bradfordville Study Area (BSA) because the county failed to complete a stormwater management study as set forth in the comprehensive plan. A later order amended the injunction to permit certain projects to go forward.
Petitioner owns property in the BSA and wishes to build a church thereon. However, the county has refused to issue a permit because of the above-described injunction. Petitioner seeks a writ of certio-rari or prohibition from this court, complaining that its property rights have been affected without notice or opportunity to be heard, in violation of due process.
In its order amending the injunction, the circuit court provided:
(D) The Court retains jurisdiction to further alter the scope of the injunction. The Court will address any proposals agreed to by the parties, or brought forward by these or other Parties and will enter modifications of this order as needed.
Petitioner may therefore move to intervene in the trial court proceedings and request modification of the order so as to allow construction.[1] In light of the existence of that adequate legal remedy, the petition for writ of certiorari or prohibition is denied.[2]
PETITION DENIED.
ERVIN, MINER and KAHN, JJ., concur.

. If the motion to intervene is denied, petitioner may appeal. Citibank, N.A. v. Blackhawk Heating and Plumbing Co., 398 So.2d 984 (Fla. 4th DCA 1981). If it is allowed to intervene but its request for modification of the injunction is denied, it would also have a right to appeal. Fla. R.App. P. 9.130(a)(3)(B).

. Even in the absence of this rationale for our holding, we would deny relief. Our certiorari *619 jurisdiction was not timely invoked. Fla. R.App. P. 9.100(c)(1). Petitioner’s reliance on Dix v. Richardson, 427 So.2d 1067 (Fla. 1st DCA 1983) in support of prohibition as a remedy is misplaced in light of the factual distinctions between that case and the instant matter.