RAMIREZ, Judge.
Maria Diaz, a defendant below, raises two issues in this interlocutory appeal. She contends that the trial court erred in its denial of her motion to dismiss because she was improperly served with process and the complaint with which she was served was subject to dismissal because it had been improperly amended without leave of court. We reverse.
First Capital Corporation filed a complaint against N. Fuentes Bros. Corporation, Nicolas L. Fuentes, and Faustina C. Fuentes for breach of a promissory note and personal guarantees. Initially, Maria Diaz was not named as a defendant. First Capital obtained a default final judgement against Nicolas L. Fuentes and Faustina C. Fuentes. Nine days later, these defendants filed motions to vacate the default final judgment. Subsequently, without leave of court, First Capital filed an amended complaint adding Maria Diaz as a defendant. In the meantime, N. Fuentes Bros. Corporation filed for bankruptcy, and when Diaz appeared at a meeting of creditors on behalf of the corporation, she was served with process.
Diaz moved to dismiss the complaint against her based on the fact that *600 she was served while attending a court proceeding in a county different from her county of residence and was therefore immune from service under those circumstances. See Stokes v. Bell, 441 So.2d 146, 147 (Fla.1983). She also argued that First Capital had not obtained leave of court to amend its complaint as required by Florida Rules of Civil Procedure 1.190(a) and 1.250(c). The trial court denied the motion, apparently relying on the argument that Diaz could be properly served because the bankruptcy proceeding was an incidental or correlated case. However, under Francini v. International Marble Trades, Inc., 546 So.2d 777, 778 (Fla. 3d DCA 1989), this exception to the Stokes immunity rule is limited to situations where the two actions possess an identity of parties and issues. During the pendency of this appeal, First Capital cured this infirmity by serving Maria Diaz at her place of residence in Broward County, rendering the issue of immunity moot.
Diaz continues to pursue this appeal based on the fact that the service of process at her residence was with an amended complaint for which no leave of court was obtained.[1] Rule 1.190(a) provides:
A party may amend a pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed on the trial calendar, may so amend at any time within 20 days after it is served. Otherwise a party may amend a pleading only by leave of court or by written consent of the adverse party....
The failure to abide by this procedure cannot be deemed harmless. See Totura & Co., Inc. v. Williams, 754 So.2d 671, 681 (Fla.2000) (“[I]n our view, application of the principle of harmless error to circumvent the requirements of the procedural rule requiring judicial approval for amendments ... does little to support uniform application of our procedural rules and simply carves another exception to a process that needs no additional confusion.”).
First Capital argues that leave of court was unnecessary because no responsive pleading had been served. There are two problems with this argument. First, First Capital had already obtained a default judgment against two defendants, and they had filed motions to vacate. Although a motion is not pleading, see, e.g., Myers v. Miller, 581 So.2d 904, 906 (Fla. 2d DCA 1991), once a plaintiff obtains a default judgment, it cannot amend its complaint without leave of court. See Cooper v. Shumway, 780 F.2d 27, 29 (10th Cir. 1985) (“Ordinarily, a motion to dismiss is not deemed a responsive pleading.... A motion to dismiss is treated like a responsive pleading when final judgment is entered before plaintiff files an amended complaint.... The final judgment precludes plaintiff from amending his complaint as of right pursuant to [Fed. R.Civ.P.] Rule 15(a).”) (citations omitted). Second, the amended complaint served on Diaz adds a new defendant, thus requiring leave of court. See Moore v. Indiana, 999 F.2d 1125, 1128 (7th Cir.1993) (“[T]he plaintiffs requested amendment required leave from the court because it sought to assert claims against additional defendants.”). Because the amended complaint was unauthorized, the trial court should have dismissed it as requested by Diaz.
Reversed and remanded.

. It seems bizarre that First Capital should go through the trouble of re-serving Diaz at her home in Broward County to cure one problem without resolving the second infirmity by obtaining leave of court to file an amended complaint pursuant to Fla. R. Civ. P. 1.190(a).