JACK E. DOMINIK, P.A., Plaintiff,

v.

COMSOF N.V., and Tom De Geetere, Defendants.

No. 02–23272–CIV.

United States District Court, S.D. Florida.

Nov. 7, 2003.

Janis L. Rosenthal, Esq., Miami Lakes, FL, for Plaintiff.

Richard Goetz, Esq., Hudgson Russ, LLP, Boca Raton, FL, for Defendant.

### ORDER GRANTING MOTION TO QUASH SERVICE

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant Comsof N.V.'s Motion to Quash Service (DE # 9) and Defendant Tom De Geetere's Motion to Dismiss (DE # 8).

UPON CONSIDERATION of Defendants' motions and being otherwise fully advised in the premises, the Court enters the following Order granting the motion to quash and granting in part and denying in part the motion to dismiss.

Plaintiff Jack E. Dominik, P.A. ("Dominik") brought this action to recover attorney's fees and costs accrued in a related action for breach of contract of a licensing agreement, *Comsof, N.V. v. Cigarette Racing Team,* Case No. 01–4856–CIV–

MOORE (the "first action"), in which the firm represented Defendant Comsof N.V. ("Comsof"). While in Miami for a court-ordered mediation in that case, Defendant Tom De Geetere, sole shareholder of Comsof, was served with the summons and complaint for the present action, in which Dominik alleges breach of contract to pay attorney's fees for representation in the first action. Defendant ComsofN.V. ("Comsof") now moves to quash service of the complaint, asserting that service was inadequate because Defendant Tom De Geetere, even if he is a proper corporate agent for Comsof, was immune from service because he was in the jurisdiction solely to attend a judicial proceeding between different parties regarding litigation not at issue in this action. De Geetere separately moves to dismiss the action, asserting improper service and failure to state a cause of action

Dominik alleges that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the action is between Dominick, a Florida citizen, and Comsof, a foreign corporation, and De Geetere a nonresident. Fed.R.Civ.P. 4(h) governs service of process upon corporations. The rule states that service of process upon a corporation:

shall be effected [ ] in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process and, if the agent is one authorized by statute to receive service and the statute so requires, by also mailing a copy to the defendant . . . .

Fed.R.Civ.P. 4(h)(1). Thus turning to Fed.R.Civ.P. 4(e)(1), the service requirements for Dominik's attempted service of process upon both Comsof and De Geetere can be satisfied "pursuant to the law of the state in which the district court is located . . ." Application of Florida's long arm statute, Fla Stat. Ann. § 48.081, therefore determines whether service was effected upon Defendants. The Florida statute provides in part

(1) Process against any private corporation, domestic or foreign, may be served:

(a) On the president or vice president, or other head of the corporation;

(b) In the absence of any person described in paragraph (a), on the cashier, treasurer, secretary, or general manager;

(c) In the absence of any person described in paragraph (a) or paragraph (b), on any director; or

(d) In the absence of any person described in paragraph (a), paragraph (b), or paragraph (c), on any officer or business agent residing in the state.

(2) If a foreign corporation has none of the foregoing officers or agents in this state, service may be made on any agent transacting business for it in this state.

(5) When a corporation engages in substantial and not isolated activities within this state, or has a business office within the state and is actually engaged in the transaction of business therefrom, service upon any officer or business agent while on corporate business within this state may personally be made, pursuant to this section, and it is not necessary in such case that the action, suit, or proceeding against the corporation shall have arisen out of any transaction or operation connected with or incidental to the business being transacted within the state.

Fla. Stat. Ann. § 48.081 (West 2003).

At first glance, service was properly effected on Comsof in accordance with Fla. Stat. Ann. § 48.081, as De Geetere appeared in Florida arguably on behalf, or

as an agent, of Comsof when served. However, the fact that De Geetere appeared in Florida solely to participate in a court-ordered mediation in a separate action renders service on both Defendants ineffective. Florida's nonresident witness immunity rule permits nonresidents to enter the state to attend judicial proceedings with immunity from service of process for a reasonable time before and after appearing in the proceedings. *Stokes v. Bell*, 441 So.2d 146 (Fla.1983). An exception to this immunity exists where the nonresident party is in the jurisdiction to testify or appear in a judicial action that shares an identity of parties, subject matter and issues with the action for which the party was served. *Lee v. Stevens of Fla., Inc.*, 578 So.2d 867, 868 (Fla. 2d DCA 1991); *Murphy & Jordan, Inc. v. Ins. Co. of N. Am.*, 278 So.2d 296, 297 (Fla. 3d DCA 1973).

*Francini v. International Marble Trades, Inc.*, 546 So.2d 777 (Fla. 3d DCA 1989), squarely supports Defendants' argument that the exception to the immunity rule is inapplicable here. In *Francini*, a supplier sued a corporation for failure to pay for goods. A stockholder of the defendant corporation then commenced a shareholder's derivative action against the officers of the entity. While in Florida to attend a deposition for the action brought by the supplier, one of the defendant corporation's nonresident officers, also a defendant in the shareholder's derivative suit, was served with a complaint in the case brought by the stockholder. Although the shareholder's derivative action stemmed from the supplier's pending action against the corporation, the court held that the exception to the immunity rule is limited "to instances where the two actions possess an identity of parties and issues." *Id.* at 778. The nonresident corporate officer was consequently immune from service of process in the shareholder's derivative suit. *Id.* ("[S]ervice of process on the non-

resident witness with a complaint naming him as a defendant in a different cause of action was invalidated by the immunity rule.").

Similarly, the two actions involved here do not present an identity of parties and issues. Indeed, Dominik's suit arises from the action for which De Geetere appeared in Florida—without the first action, this case would not exist. However, the present case is based on an entirely different cause of action than the case which brought De Geetere within the jurisdiction. Plaintiff has not submitted support for the notion that, since this action is for attorney's fees accrued in the first action, this case necessarily possesses an identity of parties and issues. Moreover, Plaintiff's attempt to distinguish the facts of *Francini* from the present action is unconvincing. Lastly, the Court is not issuing judgment upon Dominik's ability to ultimately serve process on Defendants via means set forth in the Federal Rules of Civil Procedure or under Florida law. *Umbenhauer v. Woog*, 969 F.2d 25, 30 (3d Cir.1992) ("[D]ismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained. In such instances, the district court should, at most, quash service, leaving the plaintiffs free to effect proper service."). Accordingly, it is

ORDERED AND ADJUDGED that Defendant Comsof N.V.'s Motion to Quash Service (DE # 9) is GRANTED. It is further

ORDERED AND ADJUDGED that Defendant Tom De Geetere's Motion to Dismiss (DE # 8) is GRANTED IN PART only to the extent that it seeks to quash service. The remainder of the Motion to Dismiss (DE # 8) is DENIED WITHOUT PREJUDICE. Should De Geetere be properly served, he may renew the motion. It is further

ORDERED AND ADJUDGED that Defendants' Unopposed Motion to Set Hearing (DE # 51) is DENIED AS MOOT. It is further

ORDERED AND ADJUDGED that this case is ADMINISTRATIVELY CLOSED until such time Plaintiff Jack E. Dominik, P.A. effects service on Defendants.